[PHILADELPHIA, FEBRUARY 15th, 1837.]

## HOLME *against* HARRISON.

### CASE STATED.

A testator after directing the sale of certain parts of his real estate, declared that the re-
mainder of his real estate should be rented, until the youngest child shall be of age.
" Then all the estate to be divided in the following manner : My beloved wife is to have
her furniture she shall have selected or chosen, *and a house to live in and garden, and
one third part of all the estate ;* and the remainder to be equally divided among my
surviving children, or their heirs." *Held,* that the wife took an estate for life in the
house and garden, and a fee-simple in the one-third of the estate.

AN action was brought in this court to the present term, by
Holme against John C. Harrison, executor of the last
will and testament of William Maghee, deceased ; and the follow-
ing case was stated for the opinion of the court.

" William Maghee was seized *inter alia* in his life-time, as of fee,
of and in the lots and premises mentioned in the case entered,
and made his last will and testament, dated the sixth day of Septem-
ber, 1821, in the words following :

' *Be it remembered,* That I, William Maghee, of Lower Dublin
Township, of the County of Philadelphia, being in sound health both
of body and mind, but knowing the uncertainty of death, and believ-
ing the time of health is the most proper time for the disposal of
worldly concerns, do make and constitute this to be my last will
and testament :

All my debs and funeral expenses to be paid—all my contracts to
be faithfully executed.

My beloved wife Fanny is to have any part of the furniture, stock
and farming utensils she shall think proper, the remainder to be sold ;
likewise my saw-mill with the land thereunto belonging, with all the
appurtenances ; my land that I hold in partnership in the western
country, I have ordered my agent, Daniel Steward, Esq. of that
country, to sell, and likewise to collect my outstanding debts in that
country.

I do further direct to, (if any more money should be required to
pay my debts) that my half or moiety of the Washington Tavern
and the land thereunto belonging, with one other lot adjoining the
same, be sold for that purpose ; my land on Crooked Creek, surveyed

in the name of John Walker is to be let on an improving lease. But if any of my sons, on their arriving at the age of twenty-one years, shall make choice of the said plantation as his full share or moiety of my estate, he shall be at liberty to take the same.

All the remainder of my real estate is to be rented (except such parts thereof as my beloved wife shall think proper at any time to occupy) and the income thereof to go to the support of my wife and education and support of my children, until the youngest shall be of sufficient age and education for a trade: but if it should be thought proper to give any of the sons more education, then the expenses thereof to be taken from their share.

Then all the estate to be divided in the following manner—my beloved wife is to have her furniture she shall have selected or chosen, *and a house to live in and garden, and one-third part of all the estate,* and the remainder to be equally divided among my surviving children or their heirs, deducting out of any of their respective shares the amount they severally shall have received, as an outset. And I do hereby institute my beloved wife Fanny to be sole executrix to this my last will, and testament, this 6th day of September, A. D. 1821,"—Which said will, after the death of the said testator, was duly proved.

At his death, the testator left a widow, Frances Maghee, and nine children, the eldest of whom was twenty-six, and the youngest seven years old, six of them being minors.

The first mentioned lot, the said Frances Maghee chose and took under the said will; the second was allotted to her and her heirs, by virtue of proceedings in a writ of partition in this court, to December Term, 1832, No. 19, wherein William Maghee was plaintiff, and Thomas F. Maghee and others, defendants, as appears by the sheriff's deed, duly recorded in Sheriff's Deed-Book F, page 256.

The said, Frances Maghee died, having made her last will and testament, by virtue of which John C. Harrison, executor of her last will and testament, the defendant in this cause, for the purposes mentioned in the said will, entered into possession of the estate in question, and claims title to the same.

If the court should be of opinion that the said Frances Maghee had an estate in fee-simple in the first-mentioned premises, then judgment to be entered for the defendant for the same; and if the court should be of opinion that she had an estate in fee-simple in the second-mentioned premises, then judgment to be entered for the defendant for the same.

If the court should be of opinion that the said Frances Maghee had a life-estate in the first-mentioned premises, then judgment to be entered for the plaintiff for one-ninth part of the same.

If the court should be of opinion that she had a life-estate in the

(Holme v. Harrison.)

second-mentioned premises, then judgment to be entered for the plaintiff for one-ninth part of the same."

Mr. *Mallery*, for the plaintiff, cited *Morrison* v. *Semple*, (6 *Binn.* 94.) *Buzby* v. *Buzby*, (1 *Dallas*, 227.) *Clayton* v. *Clayton*, (3 *Binn.* 476.) *French* v. *M'Ilhenny*, (2 *Binn.* 13.) *Fassit* v. *Cook*, (8 *Serg. & Rawle*, 268.) *Steele* v. *Thompson*, (14 *Serg. & Rawle*, 84.) *Harper* v. *Blean*, (3 *Watts*, 471.) *Neide* v. *Neide*, (4 *Rawle*, 75.) *Burr* v. *Sim*, (1 *Wharton's Rep.* 252.)

Mr. *Cohen*, contra.

The opinion of the Court was delivered by

Sergeant, J.—The devise to the widow of " a house to live in," is but a life-estate. The garden is an incident to the house; and the same interest passes. As to the other property the testator devises to his wife " one-third part of all the estate." The words " all the estate" are now well settled to be referable to the quantity of interest, and to pass the fee. They therefore give her a fee-simple in all the rest of the property not previously disposed of. In the first-mentioned premises, therefore, Frances Maghee had an estate for life. In the rest of the property referred to, she had a vested estate in fee-simple in one-third part thereof, which by the partition was allotted to her and her heirs, in the second-mentioned premises in the case stated; and therefore, in the second-mentioned premises, she had an estate in fee-simple. Judgment must be entered according to the case stated, for the plaintiff, for one-ninth of the first-mentioned premises; and for the defendant for the second-mentioned premises.

Judgment accordingly.