Howell v. Patry.

STEPHEN R. HOWELL and MARGARET HOWELL, his wife,

*v.*

JOHN PATRY et al.

1. A will directed that a portion of testator's land, then occupied by the widow and children of his deceased son, should remain in the family of the son during their natural lives, "provided they live and remain on the same," but there was no devise over.—*Held,* that the devisees took a life estate, and that certain of the children who had abandoned the possession and conveyed their interests to their sister, who had all the time remained on the land, had not thereby forfeited their right; and that on a partition between the remaindermen the sister was entitled to be paid for her life estate.

2. The provision that "they will remain upon the same" was intended only to limit their right as among themselves to a participation of the profits by an actual occupation.

On bill for partition.   Heard on bill, answer and oral proofs.

*Mr. Richard V. Lindabury,* for the complainants.

*Mr. James J. Cutler,* for the defendants.

PITNEY, V. C.

This is a suit for partition, in which all the parties claim title to the fee of the premises as tenants in common as heirs at law of John Patry the elder, who died seized of them.   The parties are agreed as to the shares in which the fee is held, and that the premises are so situate that an actual partition cannot be made without great prejudice, and that, therefore, a sale must be made.

The disputed question arises out of a claim made by the complainants to a life estate in the premises, based upon a clause in the will of John Patry the elder, in these words:

"It is my will and I do order that so much of my real estate as is now occupied by the children of my deceased son William and his widow (Theodosia), containing fifty acres of land more or less shall remain in the said family of my son William and his said widow as long as she remains the widow of my said son for their use during their natural life, provided they live and remain on the same."

---

---

The tract here mentioned is that of which partition is now sought.

The will made no other disposition of this farm, so that the same descended at the death of the testator to his heirs at law, as in case of an intestacy, subject to the estate created by the devise above set forth.

William Patry, the son of John, left five children, viz., the complainant Margaret Howell, William L., Catharine, Ira H. and Mary Patry. Of these five only the complainant Margaret Howell has continued to reside upon the farm, and William L., Catharine, Ira and Mary have conveyed all their right, title and interest in the premises to the complainant Stephen R. Howell, who claims by virtue thereof, as to the life estate, four-fifths thereof, and as to the remainder in fee four-twentieths.

John Patry the elder left four children, including William, and the defendants represent the three children other than William.

It was contended by these defendants that William L., Catharine, Ira and Mary, the children of William, by abandoning, as it was conceded they did, the possession of the farm, had forfeited and lost their life estate therein and could not convey it to the complainant Stephen R. Howell. It was at the same time conceded by the defendants that if that be so the effect would be only to invest the complainant Margaret Howell with the entire estate for life, since she has always remained and resided on the premises. The precise point made by the defendants was this. They say that the statute respecting partition (*Rev. p. 802 § 30*) requires that the estate for life in a case like this should be sold with the estate in remainder, and as the estate for life here is contingent upon the continued possession of the premises, such sale, in this case, at the instance of the complainants, will be *felo de se,* and destroy their life right. Hence they are not entitled to any compensation out of the proceeds of the sale for their, or either of their, life estate.

And this is the sole question to be determined, viz.: Are the complainants entitled to compensation out of the proceeds of the sale of the lands for the value of their life estate? That depends

upon the force of the words "provided they live and remain on the same," found in the will above quoted.

It was contended, and I think successfully, by the complainants that the devise in question gave to the wife and children a life estate and not a mere easement. *Kearney* v. *Kearney, 2 C. E. Gr. 59; Holm* v. *Harrison, 2 Whart. 283; Mustoff* v. *Tracourt, 3 Watts & S. 240; Casper* v. *Walker, 6 Stew. Eq. 39.*

The complainant further contended that the provision requiring these devisees to live and remain on the premises was void for repugnancy, unreasonableness and uncertainty.

I do not find it necessary to decide that question, since I do not think that it was the intention of the testator that the children of his son William should forfeit their life estate by failing to continue to live and remain upon the premises. If such had been his intention, I think he would have made a provision for the further devolution of the estate. In my opinion, what the testator intended was simply this: That William's children should not take any actual benefit from the premises except while living upon them and by enjoying them in common with their brothers and sisters. He intended that there should be no partition of either the rents and profits or the land itself among these tenants for life, but there should be an actual enjoyment in common. At the same time he did not intend that if any one of those children should leave the farm for any period of time, no matter how long, he or she should thereby forfeit finally all his right, title and interest during his lifetime, but that such child might return at any time and resume his occupation and enjoyment in common. In short, the clause in question was intended as a protection to William's children among themselves and that they only should take advantage of it. If these children all agreed among themselves to let out the premises during their lifetime to a tenant, or to sell them for the life of the longest liver, they might do so and the heirs in remainder had no cause to complain. What use these children might make of the premises was in no sense the affair of the heirs in remainder.

The case is in marked contrast with the line of English cases (of which *Clavering* v. *Ellison, 8 DeG., M. & G. 662, 7 H. L.*

Cas. 707, and Wolcot v. Botford, Kay 534, 18 Jur. (N. S.) 570, are examples), where testators have manifested an intention that some one particular person should reside upon and keep up a country estate and its mansion, and then provide that if the person named should not do so then the estate should go over to another person upon the same condition, and so on. Such conditions have been held to be good.

In the case in hand, I think the complainant and his wife are entitled to compensation for their life estate, to be measured by the chances of life of the youngest child of William Patry, a son of the testator.