# FROST *vs.* BUTLER.

An estate was granted upon condition that the grantor should be permitted to occupy part of the premises, and that the grantee should cultivate the land in a husbandlike manner, and render to the grantor half the produce; provide him with fuel; and pay him certain sums of money. And they both occupied the land accordingly. The money being unpaid, the grantor notified the grantee that the condition was broken, and ordered him to quit the premises. But afterwards he received his proportion of the produce actually raised, though the farm was badly managed. The grantee then sold the land, subject to the condition.

Hereupon it was held, that here was a sufficient entry for condition broken :—

That the acceptance of the produce was no waiver of the breach in the non-payment of the money :—

And that this forfeiture was not within the provisions of *Stat.* 1821, *ch.* 50, *sec.* 2, the land not having been granted by way of pledge, by the party seeking relief.

Whether the case of such tenant is within the equity powers vested in this court by *Stat.* 1830, *ch.* 462 :—*quære.*

THIS was a writ of entry brought by *Elliot Frost*, upon his own seisin. At the trial before *Parris J.* the original title of the demandant, and ouster by the tenant were admitted. It appeared that in 1827, the demandant conveyed the premises to *William Frost*, to hold to him, his heirs and assigns, upon these conditions expressed in the deed ;—that he should pay to the grantor certain sums of money at divers times, according to the tenor of certain promissory notes then given ; that he should cultivate the premises in a good and husbandlike manner during the life of the grantor, and deliver to him annually one half of the produce ; that he should permit the grantor to occupy certain parts of the mansion house ; should provide him at all times with suitable fuel, ready cut, at the door ; and should take care of his neat stock, &c. ; and concluding that if the grantee his heirs, executors or administrators, should fail to perform any of the conditions in the deed, it should be void, and the estate revert to the grantor in as ample a manner as if the deed had never been made. On the 5th day of *December* 1829, *William Frost* conveyed the premises to the tenant, subject to the conditions con-

29

tained in the deed to himself, which he covenanted that he had performed, up to that time ; the tenant engaging to save him harmless from the notes he had given for the monies due to the demandant, which remained unpaid.

The demandant insisted that by this conveyance to the tenant, the estate was forfeited, the services which *William Frost,* the original grantee, was bound, by the terms of the grant, to perform, being wholly of a personal character.   But this point the judge overruled.

It was proved or admitted that the demandant had received his proportion of the annual produce of the farm ; and the principal questions of fact raised in the trial were upon the performance of the condition to manage and cultivate the farm in a good and husbandlike manner, and to provide suitable fuel ; upon which questions much testimony was given on both sides.

The tenant contended that though in these respects there had not been a perfect performance on his part, yet the demandant having received his share of the produce actually raised on the farm, and consumed the fuel actually provided, and received the benefit of the services actually rendered ; this amounted to a waiver of the forfeiture ; leaving to him only his remedy for damages, upon the contract.

On the part of the demandant it was proved that in *June,* 1828, he demanded of *William Frost* payment of the first note mentioned in the deed, which was then due; who replied that he could not pay it ; whereupon the demandant told him that he had broken the condition, and that he did not wish him to stay any longer.   In *April* 1829, the damandant again requested payment of the same note ; whereupon *William Frost* produced sundry demands which he had taken up against the demandant, offering them in payment of the note ; but the demandant refused to accept them ; saying that he had broken the condition, and ordering him to quit the farm. During all this time both parties dwelt on the premises.   On the 19th day of *December* 1829, payment of the second note was tendered and refused.   It did not appear that the demandant ever made any other entry for condition broken, than as above stated ; but he

continued to reside on the premises, from the date of the first conveyance to the time of commencing the present suit.

The jury found for the demandant; and it was admitted that the finding was upon the ground that the farm was not managed, nor the fuel provided, in the manner specified in the deed; and it was also admitted that there was no finding by the jury in relation to the payment of the first note.

And upon the facts above stated, it was agreed by the parties that if, in the opinion of the court, the demandant ought not to retain the verdict, it should be set aside.

*J. & E. Shepley* argued for the tenant. 1. Taking the whole deed together, it is manifest that a forfeiture of the estate by personal nonperformance, by the grantee, of any of the conditions, was not intended. Many of the services no one man could ever perform; all of them might remain to be performed after the death of the grantee; and provision is made for this contingency by the introduction of his heirs, executors and administrators, at the close of the condition. Now the feoffee of the grantee may always perform a condition, to save his estate, though the grantee alone is named in the deed. *Litt. sec.* 336, 337; *Co. Litt.* 207, *b.* ; *Church v. Brown,* 15 *Ves.* 263 ; *Cruise's Dig. tit.* 13, *ch.* 1, *sec.* 24.

2. As the jury have found nothing against the tenant respecting the nonpayment of the money, there is no evidence of any breach of this condition. And as to the other conditions, there has been no entry for any breach of these, nor any evidence of an intent to claim on this account.

3. If there has been a forfeiture, it has been waived by subsequent acceptance of performance by the grantee. If the grantor intended to insist on a forfeiture, he should no longer have recognized the relation which had subsisted between them ; and having received the benefit of the grantee's labors under the deed, he cannot now repudiate that relation; but must resort to the covenants, for such they are, in the deed itself, for recompense in damages. *Co. Litt.* 211, *b.* ; *Goodright v. Davids, Cowp.* 803; 2 *Com. Dig. Condition P.; Fludyer v. Cochran,* 12 *Ves.* 27 ; 1 *Mad. Chan.* 310; *Fleming v. Gilbert,* 3 *Johns.* 528 ; 2 *Com. Dig. Covenant*

*A.* 2 ; *Goodwin v. Gilbert,* 9 *Mass.* 510 ; *Atto. Gen. v. Christ's Hospital,* 3 *Bro. Ch. Ca.* 165. '

4. But if there has been a forfeiture, and no waiver, the tenant is entitled to a hearing in equity, under *Stat.* 1821, *ch.* 50, *sec.* 2. For this is a case of " forfeiture annexed to articles of agreement in a specialty," within the words of the statute ; or it may be deemed within the just construction of the next following sentence in the act, by supplying the word " or " after the word " condition," or by inserting a comma after the word " estate " in the same line.

Otherwise, proceedings here should be stayed, till relief can be sought in equity. *Stetson v. Dunlap & al. C. C. U. S. Maine,* 1825, *Mss.* ; *Cruise's Dig. tit.* 13, *sec.* 32, 33 ; 2 *Com. Dig. Chancery,* 2 *Q.* 3, 9 ; *Wadman v. Colcroft,* 10 *Ves.* 67 ; *Saunders v. Pope,* 12 *Ves.* 282 ; *Davis v. West, ib.* 475 ; *Hill v. Barclay,* 16 *Ves.* 402 ; 18 *Ves.* 56, *S. C.; Skinner v. White,* 17 *Johns.* 357.

*J. Holmes* and *D. Goodenow,* for the demandant.

The opinion of the Court was read at the ensuing *September* term, as drawn up by

WESTON J. The original seisin of the demandant and an ouster by the the tenant being admitted, the demandant is entitled to judgment ; unless the tenant has made out a sufficient title on his part. He relies upon the deed made by the demandant to *William Frost,* and by *William Frost* to himself. The former undoubtedly passed the land ; but upon certain conditions, upon the non-performance of which the deed was to be void. From the report of the judge, it very distinctly appears, that the grantor demanded of the grantee payment of the first note mentioned in the condition of the deed, and that the grantor did not make payment according to the condition. In regard to this fact, which is reported to have been proved, there does not appear to be any opposing or conflicting testimony. It further appears that the jury found for the demandant upon other breaches, and that this fact was not settled or established by their verdict. The question submitted to the court is, whether, upon the

facts, the demandant is entitled to retain his verdict.  The failure of the grantee to pay the first note mentioned in the condition, is one of the facts which must necessarily be considered by the court. It further appears that the grantee did not manage, till, cultivate, and improve the farm in an husbandlike manner ; and did not provide suitable fire wood for the grantor ; according to the conditions of his deed.

Did the demandant, prior to the bringing of this action, enter for condition broken ?  The case finds that from the date of the deed to the commencement of the action, the demandant resided upon the premises.  By the general principles of law, an estate of freehold, which has once vested, cannot cease or be defeated by the nonperformance of conditions, unless upon entry for condition broken.  But to this rule there are some exceptions.  One is, where the party entitled to the benefit of the condition is in actual possession.  *Co. Litt.* 218, *a.*  But there being in this case a concurrent possession, it was doubtless incumbent upon the demandant to notify the grantee that he claimed to hold for condition broken ; and this it appears he did at two successive periods, the last time in *April*, 1829, requiring the grantee to quit the place.  These notices were both preceded by a demand of payment of the first note ; and it is insisted that the entry or claim to hold was for this breach only, which the jury have not found.  The character of the entry must appear ; that is, whether it be for condition broken, or for any other purpose ; but if a party enter for condition broken, he may doubtless verify his right so to do by proof of any prior breach, whether stated by him or not at the time of his entry.  Besides, as has been before stated, we must regard this breach as a fact proved in the case.

It is however urged by the counsel for the tenant that the demandant has waived his entry for condition broken ; and that he has by his acts affirmed the continuance of the estate.  Had he received the money which the grantee was to pay, there would certainly be ground for this position ; for he could have no claim to the money, if he held the estate.  This is not pretended ; but it does appear that prior to the action, the demandant declined to receive payment

of the second note, which was tendered to him. The ground of waiver relied upon is, that he continued to receive his proportion of the produce; but this is what he was entitled to as owner of the farm, and is entirely consistent with his right to hold for condition broken.

But if the demandant has established his legal title, the counsel for the tenant moves the court that a conditional judgment only be rendered in his favor. And he founds this motion upon the second section of the act, for giving remedies in equity, *Stat.* 1821, *ch.* 50. First, upon the ground that this is a cause brought to recover a forfeiture, annexed to articles of agreement in a specialty. Or secondly, for the forfeiture of real estate upon condition. As to the first ground, it is not supported in point of fact. This is not an action to recover a forfeiture annexed to any articles of agreement, but a writ of entry to recover seisin and possession of real estate; so that it is not brought within the language of that branch of the statute. Nor does it appear to us to present a case within its intention or meaning. In the connexion in which it stands, it is manifestly limited to personal actions; for where the forfeiture claimed is of real estate, it is provided for in a distinct clause. Our next inquiry is, whether that clause reaches this case. It is in these words: " or for forfeiture of real estate upon condition, by deed of mortgage, or bargain and sale with defeasance." It has been ingeniously contended by the counsel for the tenant, that if the word " or" is supplied after the word condition, or a comma after estate, the provisions of the section, upon a just construction, would extend to all estates, which may be forfeited or defeated by the nonperformance of conditions. This position may be true; but we have no authority for the emendation. Upon comparing this section with the corresponding one in the laws of Massachusetts, from which it was derived, a slight alteration in the punctuation may be perceived, but none which varies the sense, or requires a different construction. All estates upon condition do not fall within the range of the remedies in equity given by the statute; but such only as arise from deeds of mortgage, or of bargain and sale with defeasance. These are conveyances by way of pledge, to secure collaterally the pay-

ment of money, or the performance of some other duty or obligation on the part of the grantor. He from whom the estate moves is to be restored to it, upon the performance of conditions. In the case before us the grantee pledged no estate of his, but the grantor conveyed his estate to the grantee to be held by him, if he fulfilled certain conditions ; if he did not, the deed was to be void and the estate to be resumed by the grantor. The deed under consideration therefore not being a deed of mortgage, or of bargain and sale with defeasance, the motion of the tenant that a conditional judgment only be rendered, must be overruled.

The counsel for the tenant lastly moves, if the court should be against him upon the other points taken, that the court would stay proceedings, that the tenant may bring a bill in equity to be relieved from the conditions of the deed, upon the payment of a reasonable compensation. If the tenant has a fair claim for such relief, and the court in the exercise of its equity jurisdiction, could and would grant it, the motion ought to prevail. The authorities cited for the tenant do sustain the position, that a court of chancery has often interposed to relieve against forfeitures and penalties arising from the breach of conditions, wherever a due compensation and indemnity can be made. And this relief has latterly been extended even to conditions precedent. There is much reason to contend that the case before us is one, where an adequate compensation in damages might be allowed. But the equity powers of this court, although much extended, are still not general, but limited. In addition to those given in the second section of the statute before commented upon, this court has chancery jurisdiction in all cases of contract in writing, where a party claims the specific performance of the same, and in all cases of fraud, trust, accident or mistake, where there is not a plain, adequate, and sufficient remedy at common law. But the tenant does not claim the specific performance of a contract in writing, or the execution of a trust ; nor does he aver that he has been circumvented by fraud, or that he has suffered, or is in danger of suffering, from accident or mistake.

These are our present impressions and they are sufficient to induce us to overrule the motion. It is to be understood however

that we do not give a definitive opinion upon this point, but reserve it for future consideration if the counsel for the tenant should think proper to bring a bill in equity.

*Judgment on the verdict.*