## WILSON & *als. versus* WILSON.

It is a general rule in a conveyance of real estate on certain conditions, that any one interested in the conditions or in the land, may perform them.

Where the condition of a grant of land is, that the *grantee* shall maintain and support in a comfortable manner the persons therein named, no personal trust is charged upon him, and the support may be furnished by others.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

ENTRY. The action was brought by the heirs of Ephraim Wilson to recover possession of his late homestead.

In 1835, the said Wilson conveyed the premises described by deed of warranty to one of his sons, William Wilson, his heirs and assigns, *on this condition*, "that the said William Wilson is to maintain and support in a comfortable and convenient manner the said Ephraim Wilson, together with his wife Eunice Wilson, also Ephraim Wilson, jr., and Polly Wilson, children of the said Ephraim, during their natural lives; then this deed to remain in full force and virtue, otherwise to be null and void."

The plaintiff entered and took possession of the premises before the commencement of this action, for condition broken in the above deed.

It appeared that the grantee Wilson, had alienated the premises to the defendant, and consigned Ephraim Wilson, jr., and Polly to him to maintain. The consent of Polly was signified in writing, but none by Ephraim. The *defendant* had also kept Ephraim at different places.

There was evidence tending to show that Ephraim was not properly cared for, and also evidence tending to show that all was done for him that could be. William, the grantee of Ephram, senior, was admitted to testify for defendant, after being released from his covenants, against the objections of plaintiffs.

The Judge was requested to instruct the jury, that the trust charged upon the grantee in Ephraim Wilson, senior's deed was a personal one, and that he had no authority to transfer the care and support of Ephraim and Polly to

other parties, and himself leave them to be cared for by strangers.

To obtain a decision upon other points in the case, the Court ruled that the grantee had a right of alienating the estate and transfer the charge and support of the persons named in the condition to any one he might choose.

A verdict was returned for defendant and plaintiffs excepted.

*Heath*, in support of the exceptions.

*Hinds*, *contra*.

RICE, J. — On the eighth day of October, A. D. 1835, Ephraim Wilson conveyed certain real estate to William Wilson by deed of general warranty, subject however, to the following conditions, to wit; "that the said William Wilson is to maintain and support in a comfortable and convenient manner the said Ephraim Wilson together with his wife Eunice Wilson, also Ephraim Wilson, jr., and Polly Wilson, children of the said Ephraim, during their natural lives, then this deed to remain in full force and virtue, otherwise to be null and void."

The case finds that Ephraim Wilson, jr., and Polly Wilson, mentioned in the condition of the deed from Ephraim Wilson to William Wilson, had been consigned to the charge of the defendant for support and maintenance, by the grantee in the deed of Ephraim Wilson, with the consent of Polly Wilson in writing, and that the defendant had employed one Quimby and others, at different times, to take care of Ephraim.

It may be inferred, though it is not so expressly stated in the case, that Ephraim and his wife have deceased, and that William has conveyed the estate to the defendant.

The Court was requested to instruct the jury, or to rule that the trust charged upon the grantee in Ephraim Wilson's deed, was a personal one, and that he had no authority to transfer the care and support of Ephraim and Polly to

other parties, and himself to leave them to be cared for by strangers.    This request was refused.

The condition in the deed of Ephraim to William, was designed to secure the support of Ephraim, his wife and two children.    There does not appear to have been any personal obligation on the part of William to provide for the support of the parties mentioned in the condition of the deed from Ephraim.    They were to be supported in a comfortable and convenient manner, or the estate was to be forfeited.    But there was no place specified at which the support was to be furnished, nor is there any specific provision how they should be supported, further than that it should be done in a "comfortable and convenient manner." Such support could be furnished by other parties as well as by William.    There is no language in the deed, nor can an inference be drawn from the situation of the parties as disclosed by the facts in the case, which would seem to render it necessary that the "support" provided for in the condition of the deed should only be furnished by William under his personal superintendence.    Such does not appear to have been the intention of Ephraim Wilson, the original grantor.    *Simonds* v. *Simonds,* 3 Met. 558.

With respect to the persons who may perform a condition, it is a general rule that every one who has an interest in the condition, or in the lands to which it relates, may perform it.    As if a feoffee, upon condition to pay at Michaelmas twenty pounds, enfeoffs another person before that time, the second feoffee may perform the condition.    Cruise's Dig., Greenl. Ed. vol. 2, c. 2, § 6.

William Wilson, being under no personal liability to support Ephraim, jr., and Polly, and being only liable to the defendant on his covenants, was, after being released by the defendant, a competent witness for him.    No error is perceived in the ruling.        *Exceptions overruled and Judgment on the verdict.*

SHEPLEY, C. J., and APPLETON and CUTTING, J. J., concurred.