FRANCIS W. FROST, substituted administrator, *cum testamento annexo,* &c.,

*v.*

WILLIAM T. BLACKWELL et al.

[Decided August 26th, 1913.]

1. Language of a will directing payment of $10,000 to R.—*Held* to constitute a bequest and not a mere direction to pay a debt.

2. Where a legacy is bequeathed subject to a condition precedent, without limitation over, such a performance of the condition as substantially fulfills the intention of testatrix is sufficient to entitle the legatee to take, when an adequate reason appears for lack of strict performance.

3. Where a legacy is bequeathed subject to a condition precedent, and the performance of the condition is made impossible by the act of testatrix, the bequest is absolute.

On bill, &c., for construction of will.

*Mr. Richard Boardman,* for the complainant.

*Messrs. James & Malcolm G. Buchanan* and *Mr. Theodore D. Durling,* for the defendants.

LEWIS, V. C.

The complainant in this case, as substituted administrator and trustee of Sophie H. B. Blackwell, deceased, filed his bill, asking

the assistance of this court in the construction of the will and praying for directions as to the distribution of the estate.

The will of the testatrix, dated September 12th, 1898, contained the following paragraphs:

"*Sixth.* I also give and bequeath to my nephews Birney Blackwell and Frank E. Blackwell, Jr., all the surplus which may remain from the sale of property deeded by me to Helen B. Howard or Rodman after the payment of the debt due by me to my husband, William T. Blackwell; which said property is situated in Bay City, Michigan, and was conveyed by me to said Helen B. Howard or Rodman as security for said debt. If the whole of said property shall not be sold to pay such debt, I give, devise and bequeath such property as shall remain unsold after such payment, to my said nephews absolutely and forever, and I direct that said property shall be conveyed to them by said Helen B. Howard or Rodman.

"*Seventh.* All the rest, residue and remainder of my property, I give, devise and bequeath to my executor hereinafter named in trust, nevertheless for the following uses and purposes, to wit—*first*, to invest and reinvest the same and to pay the income thereof to my husband, William T. Blackwell, as long as he shall live; *second*, after the death of my said husband, I direct that said property shall be divided by my said executor between my nieces Alice B. Blackwell and Jennet D. Blackwell, equally, share and share alike, or the issue of such as shall be dead, a child, or children taking his, her or their mother's share."

And a codicil of the same date, containing the following provisions:

"*First.* I direct my executors named in my said will to pay to Helen B. Howard or Rodman the sum of ten thousand dollars ($10,000) upon her deeding to my nephews, Birney Blackwell and Frank E. Blackwell, Jr., all the property deeded by me to her and situated in Bay City, Michigan. The said property in Michigan was deeded to said Helen B. Howard or Rodman by me as security for the payment of the sum of ten thousand dollars ($10,000), and upon the return thereof, as above stated, the said sum of ten thousand dollars ($10,000) is to be paid to her. Otherwise, the provisions of my will are to remain unaffected by this codicil."

By a second codicil, bearing date May 15th, 1903, the testatrix made the following provisions:

"The sum of $10,000 to be given to Helen B. Rodman is not the encroach on at least thirteen thousand ($13,000) which is bequeathed to my nieces, Alice B. and Jennet D. Blackwell, in case the stocks should decline in values."

The testatrix died on January 12th, 1909, leaving an estate, of which the balance now in the hands of the complainant for distribution under the clauses of the will and codicils above set forth, amounts approximately to the sum of $31,000.

It appears by the testimony, that subsequent to the making of the will and the first codicil, but during the lifetime of the testatrix, all of the Michigan real estate (the legal title to which was in the name of the defendant Helen B. Howard Rodman, but the equitable title to which was in the testatrix) was conveyed by Miss Rodman to various parties (other than and not being the nephews, Birney Blackwell and Frank E. Blackwell, Jr.) at the request of the testatrix, and that the testatrix received the entire consideration for these sales.

The defendant Helen B. Howard Rodman claims that by virtue of the provisions of the will and codicil, and the circumstances above mentioned, she is entitled to be paid the sum of $10,000 (after the termination of the life estate of the defendant William T. Blackwell), as a legacy bequeathed to her by the testatrix. On the other hand, the defendants Alice B. Frost and Jennet D. Blackwell take the position that the language of the will does not direct the payment of a *legacy* of $10,000 to Miss Rodman, but merely directs the payment of a *debt* to her, and that, inasmuch as Miss Rodman admits that she had no beneficial interest in the property and has filed no proof of claim of any such debt, that she is, therefore, not entitled to be paid the $10,000. These defendants further contend that even if the language of the will does contemplate a legacy of $10,000 to Miss Rodman, such legacy is conditional upon conveyance of the Michigan property by Miss Rodman to the nephews, Birney Blackwell and Frank E. Blackwell, Jr., and that since, admittedly, no such conveyance has been or can be made by Miss Rodman, the condition of the legacy is not performed and Miss Rodman is, therefore, not entitled to the $10,000.

It seems entirely clear to me that the testatrix in and by the will and codicil intended to and did direct the payment of a legacy of $10,000 to Miss Rodman—conditional, it is true, but nevertheless a legacy rather than the payment of a debt. There

is nothing in the will itself, nor elsewhere in the case, to show that any debt was owing to Miss Rodman by Mrs. Blackwell— on the contrary, the existence of such a debt is disproved. Judging from the language of the will and codicil, the fact would seem to have been that Mrs. Blackwell had conveyed the Michigan property to Miss Rodman as a trustee for Mr. Blackwell, by way of securing the payment of a debt of $10,000 owing by the testatrix to her husband. Whether or not the debt, if it in fact existed, was ever paid to Mr. Blackwell, does not appear, nor does it seem to me to be material, for the will does not direct the payment of $10,000 to the possible creditor, but to Miss Rodman, in her own right and with no trust attached thereto. Even if there had existed some mutual understanding between testatrix, her husband and Miss Rodman, that this $10,000 should be turned over by Miss Rodman to Mr. Blackwell, or that in some other way the bequest to Miss Rodman should operate as an extinguishment of the debt owing to Mr. Blackwell (and there is no proof of any such agreement), the fact that the will makes the bequest to Miss Rodman would in nowise be altered thereby.

The language of the second codicil further establishes beyond question the fact of the bequest, inasmuch as it provides that in case the residuary estate should prove insufficient to provide a minimum of $13,000 for the nieces, the legacy to Miss Rodman should be diminished to such an extent as might be necessary to preserve to the nieces the minimum of $13,000. If the $10,000 given to Miss Rodman were by way of payment of a debt, obviously the debt would both legally and in the intention of the testatrix, take precedence over the bequest to the nieces.

The question remains as to whether Miss Rodman is entitled to receive the legacy, inasmuch as it is made subject to a condition precedent. Has this condition been performed, or, if not, has performance thereof been excused?

The condition is set forth in the paragraph of the first codicil hereinbefore recited. In fact, it is stated twice, and in somewhat different terms. As first stated, the condition is that Miss Rodman shall convey the Michigan property to the two nephews. As secondly stated, it is that Miss Rodman shall "return" the prop-

erty—*i. e.,* reconvey it to Mrs. Blackwell. It is, of course, true that an actual reconveyance to Mrs. Blackwell would be impossible after the latter's death; and the additional words "as above stated" can refer only to the conveyance to the nephews. But the later modifying statement shows that such a conveyance was equivalent in the mind of the testatrix to a reconveyance to herself, and that the object of the condition was that the property should pass from the control of Miss Rodman to the control of testatrix of the ultimate destination desired by her. It will be recalled that in the sixth paragraph of the will, executed on the same date as the codicil making the bequest to Miss Rodman, the testatrix devises the Michigan property, or her interest therein, to the nephews. Obviously, her intent and purpose was that Miss Rodman should not retain the property and also receive the legacy.

The proofs show that during the lifetime, and at the request of Mrs. Blackwell, Miss Rodman sold and conveyed all of the Michigan property to various parties, and that Mrs. Blackwell received all of the consideration moneys arising from such sales. It is contended by Miss Rodman that thereby either the condition of the legacy was performed, *i. e.,* that this was equitably tantamount to a "return" of the property to Mrs. Blackwell; or that if this be not a sufficient performance of the condition, that the actual performance of the condition is excused, inasmuch as it was made impossible of performance by the act of the testatrix.

This contention, I think, is entirely sound. In my opinion, the direction of the testatrix is that the legacy is to be paid to Miss Rodman on condition that she first shall either have reconveyed the Michigan property to Mrs. Blackwell (so that it might pass to the nephews under the devise in the will), or conveyed it direct to the nephews; and the conveyance by Miss Rodman of the several portions of this property, in the lifetime of, and at the request of Mrs. Blackwell, and to her nominees and for her benefit, amounted to a substantial performance of this condition. *40 Cyc. 1717.*

But even if I were to hold otherwise, the same result would be reached, for obviously, in so far as default exists in the

strict performance of the condition, it was occasioned by the testatrix herself, and the rule is as to a legacy subject to a condition precedent that where the performance of the condition is made impossible by the act or default of the testator, the bequest is absolute. *2 Jarm. Wills 853; Darley* v. *Langworthy, 7 B. P. C. Toml. 177; Gath* v. *Burton, 1 Beav. 478; 40 Cyc. 1694.*

From the language in the third paragraph of the second codicil, it seems clear that the payment of the legacy to Miss Rodman is postponed until the death of William T. Blackwell.

I conclude, therefore, that the defendant William T. Blackwell is entitled to be paid the entire net income from the residuary estate remaining after the payment of the bequests other than that to the defendant Helen B. Howard Rodman; that the defendant Helen B. Howard Rodman is entitled upon the death of William T. Blackwell to be paid the sum of $10,000 out of the *corpus,* unless the fund shall have then been diminished in value below the sum of $23,000, by reason of depreciation in the value of the securities, in which latter event she will be entitled to be paid only the excess of the fund over and above $13,000; that the defendants Alice Blackwell Frost and Jennet D. Blackwell, upon the death of William T. Blackwell, are entitled to be paid equally between them, the balance of the *corpus,* if the *corpus* then equal or exceed $23,000, otherwise, the minimum sum of $13,000; that the defendants Birney Blackwell and Frank E. Blackwell, Jr., are not entitled to any share or interest in the estate, nor is the defendant Alice B. Blackwell (the sister of the testatrix) other than the legacies which have already been paid to her. I will advise a decree accordingly.