WILLIAM J. COLWELL, APPELLANT, v. FANNIE M. DO-HERTY DUFFY, AS EXECUTRIX UNDER THE LAST WILL AND TESTAMENT OF MARY E. COLWELL, DE-CEASED, AND FANNIE M. DOHERTY DUFFY, INDI-VIDUALLY, AND JOSEPH M. DUFFY, RESPONDENTS.

Submitted May term, 1932—Decided October 17, 1932.

For the appellant, *Thomas S. Doughty* (*Arthur T. Dear,* of counsel).

For the respondents, *Wright, Vander Burgh & McCarthy.*

The opinion of the court was delivered by

LLOYD, J. The question in this case turns upon the proper construction and effect of the will of Mary E. Colwell. This will, probated in Bergen county, provided as follows:

"I give, devise and bequeath to my husband, William J. Colwell, the real estate now owned by me and known as number 19 Broad street in the village of Ridgewood, in the county

of Bergen and State of New Jersey, provided he pays the mortgage of $5,500 now a lien upon the property known as number 213 and 217 West Ridgewood avenue, in the village of Ridgewood, Bergen county, New Jersey, within one year from the date of my decease. In the event that said mortgage shall not be paid and satisfied within said time, the devise made to him shall go and become a part of the residue of my estate."

The husband, William J. Colwell, did not pay off the mortgage within the time specified. The action was in ejectment by Colwell against the heirs of Mrs. Colwell. It was submitted to Judge Caffrey without a jury and he found for the defendants. The plaintiff appeals and contends that the devise became complete on the death of the testator and that the obligation imposed to pay the mortgage on the West Ridgewood avenue property was a condition subsequent and did not invalidate the previous gift.

Our view is that the learned judge was right. The primary object in construing every will is to ascertain the intention of the testator, and where that is clear all arbitrary rules of construction must give way. Reading this will in the light of such obligation it is impossible to view it other than that Mrs. Colwell intended that her husband should take the property only on the condition that he would first pay the mortgage on the Ridgewood avenue premises and that within the time specified; that until this was done he should take no interest. It was, therefore, a condition precedent under such cases as *Den* v. *Hance,* 11 *N. J. L.* 244; *Blean* v. *Messenger,* 33 *Id.* 499.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.