25 N.J. Super. 477 (1953)
96 A.2d 689
ROSALIE V. TIZARD. PLAINTIFF-APPELLANT,
v.
SAMUEL F. ELDREDGE, EXECUTOR UNDER THE WILL OF RICHARD C. TIZARD, DECEASED, AND WILLIAM ESSEN TIZARD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1953.
Decided May 7, 1953.
*478 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Warren C. Douglas argued the cause for the plaintiff-appellant (Mr. Walter S. Keown, attorney).
*479 Mr. Jonathan W. Acton argued the cause for the defendants-respondents (Mr. Samuel F. Eldredge, executor under the will of Richard C. Tizard, pro se).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
Plaintiff-appellant, Rosalie V. Tizard, filed a complaint in the Chancery Division, seeking a construction of the Fifth paragraph of the will of her late brother, Richard C. Tizard, deceased, providing as follows:
"Fifth: I give and bequeath unto my sister ROSALIE V. TIZARD, the sum of TWO THOUSAND DOLLARS ($2,000.00) provided she spends the rest of her days in the Presbyterian Home located in the City of Philadelphia, State of Pennsylvania."
The Chancery Division held that the provision created a condition precedent; that the plaintiff, not having complied with the terms thereof, is not entitled to its payment and that it passes under the residuary clause to William E. Tizard, decedent's son. The plaintiff appeals from the ensuing judgment.
The matter is submitted to this court on an agreed stipulation, which discloses the following pertinent facts:
Testator died April 1, 1950. The approximate amount of his net estate is $2,750. The Sixth paragraph of decedent's will reads as follows:
"Sixth: All the rest, residue and remainder of my estate, whether real, personal or mixed and wheresoever situate, of which I may die seized, I give, bequeath and devise unto my son, WILLIAM ESSEN TIZARD, his heirs and assigns forever."
The plaintiff, who was 63 years of age at the time of the hearing in November, 1951, is a Lutheran and is not presently residing in the Presbyterian Home mentioned in the decedent's will.
To meet the conditions of admission to the Presbyterian Home, the plaintiff must be a Presbyterian for three years preceding such admission, and must be vouched for by her pastor. Upon proof of compliance with those conditions, her name would then be placed on the waiting list which, *480 on October 11, 1951, totalled 400 names. If all the requirements of the Home were met, it would be about 5 1/2 years before her name would be reached for admission. If the applicant is between the ages of 65 and 75 at the time of her admission, she would be required to make a payment of $800 and turn over to the Home any property she possesses, including any legacy she might receive, from which she would receive 3% interest thereon.
It is elementary that, in the judicial construction of a will, one of the primary considerations is to ascertain the intention of the testator. "Such intent is to be gathered from the will in the light of the circumstances surrounding the testator at the time of the will's execution." Blauvelt v. Citizens Trust Co., 3 N.J. 545 (1950); Guaranty Trust Co. of N.Y. v. First Nat., &c., Morristown, 8 N.J. 112 (1951). The principle that the ascertainment of testator's intention is the object of construction, applies to the construction of conditions. His intention governs the distribution of the estate and not any rigid rules relating to conditions. Colwell v. Duffy, 109 N.J.L. 423 (E. & A. 1932).
In weighing the question as to how a bequest of a vested estate would be affected, if at all, by a condition respecting the conduct or obligation of the legatee, there being no limitation over in event of its nonperformance, we are confronted with various underlying matters which may play a part in the determination as, for example, the intention of the testator as shown by his will, whether the condition is a condition precedent or a condition subsequent, and the nature of the condition.
It is the general rule that such a condition is ineffective to prevent the vesting of an estate, where the instrument creating the condition or obligation provides no limitation over in the event of its nonperformance. 163 A.L.R., Condition Without Limitation Over, p. 1154, citing supporting cases from United States and state jurisdictions.
The respondent argues that in view of the fact that there is a residuary clause in the will, under the circumstances the gift falls into and becomes a part of the residuary estate. *481 Appellant argues that there being no gift over nor any language of forfeiture, the condition, if it be a condition, is, at best, a condition subsequent and that the legacy is vested in the plaintiff and should be payable to her.
In New Jersey our courts have held that the absence of a gift over does not make a condition ineffective. Hoit v. Hoit, 42 N.J. Eq. 388 (E. & A. 1886); Frost v. Blackwell, 82 N.J. Eq. 184 (Ch. 1913); In re Peterson's Estate, 85 N.J. Eq. 135 (Prerog. 1915).
Where there is a condition precedent, the bequest or devise does not vest until the condition is performed. Where the condition is subsequent, the gift vests at testator's death, and is divested when the event occurs. Parmentier v. Pennsylvania Co. for Ins., &c., 122 N.J. Eq. 25 (Ch. 1937); affirmed 124 N.J. Eq. 272 (E. & A. 1938).
When faced with the question of whether or not a devise or bequest is absolute or conditional, the construction making the bequest absolute will be preferred. Parmentier v. Pennsylvania Co. for Ins., &c., supra. Cf. Clausen v. Leary, 113 N.J. Eq. 324 (Ch. 1933).
Forfeitures under wills or deeds are not favored "and if they can be avoided on a fair and reasonable interpretation of the instrument involved, a court of equity will undertake to do so. Girard Trust Co. v. Schmitz, 129 N.J. Eq. 444 (Ch. 1949)." Wilcox v. Kubler, 13 N.J. Super. 280 (Ch. Div. 1951).
Where there is a prolonged period of time prescribed by the words of the bequest for its performance, it has been held to create a condition subsequent. In the case of Bird v. Hawkins, 58 N.J. Eq. 229 (Ch. 1899), where the period of time for performance was fixed at five years after the testator's death, it was held that the condition imposed was necessarily subsequent and the fact that the devisee had failed to perform the conditions would not lead to the declaration and enforcement of a forfeiture.
In the case of Casper v. Walker, 33 N.J. Eq. 35 (Ch. 1880), an annuity of $400 charged on the homestead farm was given by testator to his wife. The farm was devised to his *482 only child, upon the condition that his daughter reside thereon after his decease and take proper care of the same; that in the event his daughter and her husband "should not see proper to move on the same," he then ordered his executor to make a public sale thereof to the highest bidder, but that nothing should affect the dower of $400 given to his wife. Shortly after the testator's death the daughter and her husband moved to the farm and lived there for two years, then leased it for ten years, after which they returned and resided on it. The court, discussing the will, stated:
"The intention of the testator, in the provision under consideration, was not to defeat the devise to his daughter, but to secure the property against want of care. He not only does not provide that, in case of non-compliance with his direction, the farm shall go over to some one else, but he makes no provision whatever in that connection, except that the farm be converted by his executor into money, by sale. He makes no disposition of the proceeds of the property after conversion. The residuary clause is confined by its terms to his personal estate. If the farm were converted under this provision, the proceeds subject to the annuity would go to Amy under the devise; and, apart from that, it would go to her as heir. The annuity is given expressly in lieu of dower. That the testator did not mean to provide that his daughter should reside on the property for life is evidenced by the use of the word `move' in the second clause. In the first, he expresses his desire that she and her husband should reside on the farm and take proper care of it. In the second, he orders that if they do not `see proper to move on' the property, the executor is to sell it. There is no evidence of any intention on his part to compel his daughter to reside on the farm, as a condition of her title to it under the devise. The language of the first clause is merely expressive of his desire. It has no mandatory character, but is merely precatory."
In the case of a gift of personal property, a general residuary clause is not of itself regarded as a substitute for or as the equivalent of a gift over. Page on Wills, sec. 1289. Howell v. Patry, 50 N.J. Eq. 265 (Ch. 1892); Callender v. Cloud, 102 N.J. Eq. 287 (Ch. 1928); First-Mechanics National Bank v. Hand, 136 N.J. Eq. 90 (Ch. 1945); Wilcox v. Kubler, supra.
In the Wilcox case, plaintiff was seized of a life estate in the leasehold by virtue of a will, providing: "I give and *483 bequeath to (plaintiff) my residence * * * to be kept as a memorial during their lifetime and after the death (to others)." The action was for specific performance of an agreement to purchase a leasehold estate in which the defendant maintained that a marketable assignment could not be made. The court stated, inter alia:
"Although the will says, `To be kept as a memorial during their lifetime * * *,' it contains no forfeiture clause and no language in anywise indicating that if the dwelling house was not `kept as a memorial' the leasehold should revert to the estate or pass immediately to the remainderman, or that the plaintiff should be divested of her life estate. No words were used which implied that the testatrix had in mind that on failure to keep the house as a memorial the life estate should terminate, such as words bequeathing a right to use and occupy `so long as' the memorial was kept."
The court then quotes from the case of Whitmore v. Church of the Holy Cross, 121 Me. 391, 117 A. 469, 471 (Sup. Jud. Ct. Me. 1922), holding:
"A legacy absolute in terms, but suggesting a particular use, does not create either a condition or a trust. 11 C.J. 351 and note 27. See L.R.A. 1918 B. And a grant to a religious society, `the interest thereof to be annually paid to their minister forever,' is a gift to the society. Id.; Smith v. Nelson, 18 Vt. 511. The mere imposition upon a grantee or devisee of an obligation in respect of the use of the real estate granted or devised, without the use of technical terms to create a condition, or else of language clearly expressive of an intent that the land should revert if the obligation is not performed, will not create a condition."
If, as was held by the trial judge, the legacy is subject to a condition precedent, then it could never take effect during her lifetime for the reason that the plaintiff must have established the fact that she has spent the rest of her life in the Presbyterian Home. This would mean that the performance allegedly contemplated by the testator was performance not in her lifetime but at her death, which would be improbable of accomplishment, for the reasons that (1) she must be a Presbyterian for at least three years preceding her admission; (2) her eligibility vouched for by her Presbyterian pastor; (3) that there is a waiting list of 400 and *484 her admission would be delayed 5 1/2 years, which would then require an admission fee of $800 to be paid to the Home, and the payment to the Home of all other property of the applicant.
The decedent's estate was quite small, leaving only approximately $750 after the payment of the $2,000 legacy, executor's fees and court costs, to pass to the decedent's son under the residuary clause. We think the primary purpose of the decedent was to provide a place of habitation for his sister for her remaining days, where her sustenance and maintenance would be assured. Presumably, testator's gift was intended for the benefit of his sister and not for the benefit of the Presbyterian Home.
If the bequest is to be construed as dependent on a condition, then the intention of the testator would, in our opinion, be frustrated. The absence of a gift over in the present case is an indication of testator's intention that the clause should not operate as a condition, breach of which would lead to a forfeiture. The plaintiff is entitled to the legacy.
The judgment is reversed.