## FRANCIS PRICE vs. CHARLES G. SISSON and others.

By force of the statute, a decree directing a conveyance to be made vests the estate, so that the rights of the parties, in case of a variance between the terms of the decree and of the conveyance, must depend upon the former rather than upon the latter.

The terms of such decree must be construed precisely as the conveyance itself would be.

A conveyance to the grantees and their heirs for the use of the grantees and their heirs, in trust for the persons beneficially interested, does not vest the legal estate in the latter by virtue of the statute for transferring uses into possession.

And where the deed is thus technically drawn the trustees take the legal estate by virtue of the limitation without the aid of any reasoning derived from the nature of the estate.

In construing limitations of trusts courts of equity adopt the rule of law applicable to legal estates.

An estate was conveyed to the grantees in trust to permit the grantor and his family and the father of the grantor, during their lives respectively, to enjoy the estate, and take the rents and profits thereof, and after their death in trust to convey the premises to the son of the grantor and "to such other lawful issue as the grantor may then have living, share and share alike in fee simple, as soon as he or they arrive at age"—*held*, that the son of grantor had a vested interest, which was not determinable by his death before the happening of the contingency upon which the legal estate was to be conveyed to him, viz. the determination of the intervening life estates. The general rule, as applied to legal estates, is no remainder will be construed to be contingent which may consistently with the intention be deemed vested.

It is the uncertainty of the right of enjoyment which renders the remainder contingent, not the uncertainty of the actual enjoyment.

In a deed, the word "issue" is universally a word of purchase, and whenever the word is made use of as a word of purchase, either in a deed or in a will, it is synonymous and coextensive with the term "descendants."

The case was heard on bill, answer, and proofs.

*Bradley* and *William Pennington*, for complainant.

*Zabriskie*, for defendants.

THE CHANCELLOR. On the 10th of December, 1800, Mindert Garrabrants, jun., intermarried with Effie, the

daughter of John Van Houten, and on the 29th of September, 1801, had by her issue one son, Mindert Garrabrants (3d). On the 10th of August, 1807, he executed to John Van Houten, the· father, and Helmah Van Houten, the brother of his wife, a conveyance in fee simple of all his real estate, including a tract of about fifty acres at Slonger, in trust for certain purposes therein specified.

On the 29th of June, 1808, a bill was filed in this court by the grantor in the said deed, Mindert Garrabrants, jun., against the grantee and his wife and only child, *cestui que trusts* therein named, praying that the said deed might be set aside and made void, as executed by mistake. The trustees answered, admitting that the deed, as executed, was not in all respects in conformity with the agreement under which the same was executed. A decree was therefore made, on the 9th of September, 1808, declaring the said instrument to be utterly void and of no effect, and decreeing that the same should be set aside, vacated, and annulled, both at law and in equity.

And it was in and by the said decree further ordered, adjudged, and decreed, that the said Mindert Garrabrants, jun., should, on or before the third Tuesday in November then next, execute and deliver to the said John Van Houten and Helmah Van Houten a conveyance of the lands described in the deed of the 10th of August, 1807, in trust, that the grantees, and the survivor of them and the heirs of such survivor, should permit Mindert Garrabrants, jun., and his family, and Mindert Garrabrants, sen., the father of Mindert Garrabrants, jun., during their lives, respectively, to occupy and possess the messuages and tenements, and the rents, issues, and profits thereof, for the support and maintenance of the said Mindert Garrabrants, jun., and of his father, Mindert Garrabrants, sen., during his life; and upon this further trust, that after the decease of the said Mindert Garrabrants, jun., and of his father, Mindert Garrabrants, sen., that then the

said trustees and the survivor of them, and the heirs of such survivor, shall convey the whole of the said premises to the said Mindert Garrabrants (3d), son of the said Mindert Garrabrants, jun., and Effie his wife, and to such other lawful issue as he, the said Mindert Garrabrants, jun., may then have living, share and share alike in fee simple, as soon as he or they arrive of age, (reserving to the widow of the said Mindert Garrabrants, jun., if any he should leave, the said widow's legal estate of dower in the said premises).

The conveyance was not executed within the time appointed by the decree; but on the 19th of March, 1809, Mindert Garrabrants, jun., executed a deed for the same premises to the grantees in the former deed upon trusts slightly variant in terms from the language of the decree. The deed contains no recital of a reference to the decree in chancery, but the bill of complaint in this cause charges, and the answer admits, that it was made in compliance and in conformity with the said decree.

Mindert Garrabrants (3d) came of age on the 29th of September, 1822. On the 29th of July, 1825, Mindert Garrabrants (1st), one of the *cestui que trusts* for life, died. In the years 1834, 1835, and 1836, Mindert Garrabrants (3d), by deed of conveyance and sale, with covenants of general warranty, conveyed the tract at Slonger, in separate parcels, to different purchasers. These titles subsequently became united in Francis Price, the present complainant, who claims a fee in the premises from Mindert Garrabrants (3d).

Mindert Garrabrants (2d), the grantor in the deed of trust, and one of the *cestui que trusts* for life under it, survived his son, and died on the 3d of September, 1846. He left no issue other than the two daughters of his son, Mindert Garrabrants (3d).

Mindert Garrabrants (3d) died on the 1st of May, 1837, leaving two daughters, infants of tender years, Mary Elizabeth, who intermarried with Charles G. Sisson, and

Effie, who intermarried with James Van Buskirk, defendants in this suit.

John Van Houten and Helmah Van Houten, the trustees in the deed of trust, both died in the lifetimes of the *cestui que trusts* of the life estates in the lands conveyed on the 17th of May, 1852. John H. Van Houten, only son and heir at law of Helmah Van Houten, the surviving trustee, made a conveyance of the trust property specified in the deed of trust to the two daughters of Mindert Garrabrants (3d), as the only lawful issue of the said Mindert Garrabrants (2d) living at his death.

An action at law having been commenced by them for the recovery of the property at Slonger, the complainants filed their bill in this cause to restrain the defendants from further proceeding at law and for the confirmation of their title.

The main controversy in this cause arises upon the true construction of the trust deed executed by Mindert Garrabrants, jun., under the authority of a decree of this court, bearing date on the 9th of September, 1808.

Both parties claim under that conveyance. The complainant claims under a title derived through Mindert Garrabrants the third, one of the *cestui que trusts*. The defendants, two of the children of Mindert Garrabrants the third, claim the premises, not through their father, but by virtue of a deed executed by the trustee to them as the lawful issue of their grandfather, Mindert Garrabrants the second, pursuant to the provisions of the trust. It will be assumed, for the purpose of the investigation, that the entire estate, legal or equitable, to which Mindert Garrabrants the third was entitled has been legally transferred to and vested in the complainant.

What estate did Mindert Garrabrants (3d) take under that deed or decree?

By the act of June 13th, 1799, § 47, which at the date of the decree was and still is in force, it is enacted, that where a decree of the Court of Chancery shall be made

for a conveyance, release, or acquittance, and the party against whom the said decree shall pass shall not comply therewith by the time appointed, then such decree shall be considered and taken in all courts of law and equity to have the same operation and effect, and be as available as if the conveyance, release, or acquittance had been executed conformably to such decree. *Paterson's Laws* 433, § 47; *Nixon's Dig.* 94, § 56.

The time limited by the decree for the delivery of the conveyance was the 3d of November, 1808. It was not delivered till the 15th of March, 1809. By force of the statute, therefore, the decree has the same operation and effect as if the conveyance had been executed conformably to the decree. By operation of the decree the title vested before the deed was executed. The rights of the parties, therefore, in case of a variance between the terms of the decree and of the conveyance, must depend upon the former rather than upon the latter. The bill in this case charges, and the answer admits, that the conveyance was made in compliance and in conformity with the decree. If, however, in the progress of the investigation it shall appear that the deed contains any clause adverse to the title of Mindert Garrabrants (3d) or those claiming under him, his rights cannot thereby be prejudiced. At the time of the conveyance he was an infant, and however the rights of the parties to the conveyance competent to contract might be affected by giving or accepting a conveyance variant from the terms of the decree, it is clear that an infant could not thus be deprived of his rights under the decree.

Again, the terms of the decree must be construed precisely as the conveyance itself would be if executed within the time appointed for its execution. The language of the statute is, that the decree shall be taken to have the same operation and effect, and be as available as if the conveyance had been executed conformably to the decree. The same principles of interpretation, therefore, are to

be applied as if the terms of the decree were duly and fully embodied in the conveyance.

With these suggestions in regard to the nature and object of the investigation, we approach the immediate subject of our inquiry. What estate did Mindert Garrabrants take by virtue of the decree?

By the terms of the deed, the legal estate vested in the immediate grantees in trust for the persons beneficially interested. The trust was not executed by the statute for transferring uses into possession, so as to vest the legal estate in the *cestui que trusts*, or in either of them. The deed is technically drawn for the creation of a trust estate, as distinguished from the legal title. The conveyance is made to the grantees and their heirs, for the use of the grantees and their heirs, in trust for the persons beneficially interested in the grant. This is the precise formula for the creation of a trust. 2 *Bla. Com.* 336, *Christian's note.*

Where a use is limited upon a use the statute executes only the first use. 2 *Bla. Com.* 336; 1 *Cruise's Dig.* 453, *title* 12, *c.* 1, § 1; *Hill on Trustees* 63, 229.

This familiar principle is thus distinctly stated because upon the argument it was strongly urged, that inasmuch as by the terms of the trust the grantees were not *to pay* the rents and profits to Mindert Garrabrants (1st) and Mindert Garrabrants (2d), but to permit them during their respective lives to *occupy and possess* the estate, and the rents and profits thereof, during their respective lives, the use was executed by the statute, and that they had, respectively, a legal estate for life. There is a numerous class of cases which hold, that where the donee to uses is merely to permit the *cestui que use* to take and receive the rents and profits, or to occupy and enjoy the estate, no trust is created, but the estate will be vested by the statute in the person who is to receive the rents. But this is but the limitation of another general rule, *viz.* that where the donee to uses is intrusted with duties or

P*

powers, for the due discharge of which it is requisite that he should take the legal estate, the use is not executed, but a trust arises. If, on the other hand, the duties imposed on the trustee are not such as to require that he should take the legal estate the use is executed. *Barker* v. *Greenwood,* 4 *Mees & W.* 429; *Hill on Trustees* 229, 231, 233, and cases cited in *note g.*

This rule applies where the conveyance is to the trustees to the *use* of another, but where the conveyance is to the trustees and to the use of the trustees, they take the legal estate by virtue of the limitation without the aid of any reasoning derived from the nature of the trust. *Powell on Dev.* (*Jarman*) 220, 221, *note* 7; *Hill on Trustees* 235.

The entire *legal* estate under the conveyance is unquestionably vested in the immediate grantees, John Van Houten and Helmah Van Houten, with limitations of trusts to Mindert Garrabrants (1st) and Mindert Garrabrants (2d) for their respective lives, and then over to Mindert Garrabrants (3d) and the other lawful issue of Mindert Garrabrants (2d).

In construing limitations of trusts, courts of equity adopt the rules of law applicable to legal estates. Declarations of trust, either of real or personal estate, are construed in the same manner as common law conveyances where an estate is finally limited by deed. 4 *Cruise* 310, *title* 32, *c.* 19, § 65; 1 *Sanders on Uses and Trusts* 280.

I am of opinion, said Lord Northington in *Wright* v. *Pearson* (1 *Eden* 125), that a limitation in trust, perfected and declared by a testator, must have the same construction as the devise of an estate executed. The rule, notwithstanding some conflict among the earliest cases, appears to be satisfactorily settled. *Cases Temp., Talbot* 19, *Lord Glenorchy* v. *Bosville*; *Jones* v. *Morgan,* 1 *Bro. C. C.* 222; *Garth* v. *Baldwin,* 2 *Vesey* 655.

Regarding the trusts under the conveyance as executed, and the limitations of the equitable interest as complete and final, so that the limitations of trust are to be con-

strued by the rules of law applicable to legal estates, let us examine what estate is given to Mindert Garrabrants (3d). The estate is conveyed to the grantees in trust to permit the grantor and his family and the father of the grantor, during their lives, respectively, to enjoy the estate, and take the rents and profits thereof, and after their death in trust, to convey the whole of said premises to Mindert Garrabrants (3d), the son of the grantor, and to such other lawful issue as the grantor may then have living, share and share alike in fee simple, as soon as he or they arrive at age. Divesting the estates of the *cestui que trusts* of their character as trusts, and treating. them as pure legal estates, the grant would be to Mindert Garrabrants (1st) and Mindert Garrabrants (2d) an estate for their joint lives and the life of the survivor of them, with remainder to Mindert Garrabrants (3d) and such other lawful issue as Mindert Garrabrants (2d) may then have, as tenants in common in fee simple, share and share alike, to be enjoyed as they severally attain the age of twenty-one years. This is stating the case most strongly in favor of the complainant, and rests on the assumption that, by the conveyances, an equitable estate in remainder is vested in Mindert Garrabrants (3d), which was not liable to be defeated by his death before the determination of the intervening estates for life of his father and grandfather. The defendants maintain that no estate whatever, legal or equitable, by the terms of the grant, vests in Mindert Garrabrants (3d). That the legal estate is wholly in the trustees, and the right to the conveyance of the estate, legal or equitable, in Mindert Garrabrants (3d) is contingent upon his surviving both the tenants for life. I think it clear, however, that under the conveyance Mindert Garrabrants (3d) had an equitable interest, *viz.* to have the whole estate, legal and equitable, conveyed to him upon the determination of the life estates of his father and grandfather. Construing the limitation of trust by the same principles which govern in the con-

struction of the legal estates, the interest of Mindert
Garrabrants (3d) is a vested interest, which is not de-
terminable by his death before the happening of the con-
tingency upon which the legal estate is to be conveyed to
him, *viz.* the determination of the intervening life estates.

The rule, as applied to legal estates, is that no remain-
der will be construed to be contingent which may con-
sistently with the intention be deemed vested. Every
remainder man may die without issue before the death
of the tenants for life. It is the present capacity of
taking effect in possession, if the possession would be-
come vacant before the estate limited in remainder de-
termines, that distinguishes a vested from a contingent
remainder. *Fearne on Rem.* 149 (4th ed.) ; *Kent's Com.* 203.

A remainder, says Chancellor Walworth, is vested in
interest where the person is in being and ascertained,
who will, if he lives, have an absolute and immediate
right to the possession of the land upon the ceasing or
failure of all the precedent estates, provided the estate
limited to him by the remainder shall so long continue.
In other words, where the remainder man's rights to an
estate in possession cannot be defeated by third persons
or contingent events, or by the failure of a condition
precedent if he lives, and the estate limited to him by
way of remainder continues till all the precedent estates
are determined, his remainder is vested in interest. *Haw-
ley* v. *James*, 5 *Paige* 466.

A remainder is contingent, although the remainder
man is in being and ascertained, so long as it remains
uncertain whether he will be absolutely entitled to the
estate limited to him in remainder if he lives, and such
estate continues until all the precedent estates have ceased.
*Ibid* 467.

When the person to whom a remainder after a life
estate is limited is ascertained, and the event upon which
it is to take effect is certain to happen, it is a vested re-
mainder, although by its terms it may be entirely defeated

by the death of such person before the determination of the particular estate. It is the uncertainty of the right of enjoyment which renders a remainder contingent, not the uncertainty of its actual enjoyment. *Williamson* v. *Field*, 2 *Sandf. C. R.* 533. See, also, *Moore* v. *Lyons*, 25 *Wend.* 144.

The better opinion also is, says Chancellor Kent, that if there be a devise to trustees and their heirs during the minority of a beneficial devisee, and then to him, or upon trust to convey to him, it conveys a vested remainder in fee, and takes effect in possession when the devisee attains twenty-one. If the devisee dies before twenty-one, the estate descends to his heirs as a vested inheritance. 4 *Kent's Com.* 204.

These authorities show that the equitable interest of Mindert Garrabrants (3d) under the conveyance was a vested interest. He was in *esse* at the date of the deed, and his interest vested immediately on its execution and delivery, subject to be divested *pro tanto* upon the birth of afterborn issue. The only afterborn issue of Mindert Garrabrants (2d), the grantor, were the two daughters of his son, Mindert Garrabrants (3d), who are the defendants in this cause. They survived the grantor, and became entitled with their father by the terms of the trust, each to one equal undivided third of the equitable estate. Applying the principles which govern the construction of legal instruments to the terms of this trust such must be the result.

In a deed the term "issue" is universally a word of purchase. *Doe* v. *Collis*, 4 *T. R.* 299.

And wherever the term is used as a word of purchase, either in a deed or in a will, it is synonymous and co-extensive with the term "descendants," and includes all persons who answer that description. Such is the legal construction of the term in all cases where its natural meaning is not controlled by a plain intent apparent on the face of the instrument. 2 *Jarman on Wills* 33, 353; 1 *Roper on Leg.* 158; 2 *Williams on Executors* 953; 2 *Spence*

*on Eq. Jur.* 154; *Leigh* v. *Norbery,* 13 *Vesey* 340; *Sibley* v. *Perry,* 7 *Vesey* 531; *Davenport* v. *Hanbury,* 3 *Vesey* 257; *Freeman* v. *Parsley,* 3 *Vesey* 421; *Cook* v. *Cook,* 2 *Vern.* 545; *Hampson* v. *Brandwood,* 1 *Maddock* 381.

The term may be, and often is, especially in wills, construed as meaning children, where such appears to be the intention of the testator. But such intention must be gathered from the instrument itself. This is but an instance of the general principle, that the will is to be construed according to the intent of the testator. The cases on the subject are exceedingly numerous, and with remarkable uniformity they sustain the principle as stated.

It is urged, and with seeming force, that this construction is against reason and probability; that it never could have been intended that the parent and his children should share the estate equally. The objection has often been made, and has always been met by the answer, that the court must give to the terms of an instrument their fair, natural, and ordinary import, unless when controlled by a plain contrary intent. This general principle is not denied. But the court are asked to go back of the decree, and look into the previous proceedings in the cause, to ascertain what was intended by the term "issue," as used in the decree and in the deed. And from these it is insisted that the intention was to exclude from the limitation over the children of Mindert Garrabrants (3d). That this will totally vary the legal effect of the term used in the decree and in the deed is not denied. But it is sought to be justified on the ground, that the estate being created by the decree, and not by the deed, the entire proceedings in the cause may be resorted to for its interpretation. This, I think, is not admissible. By the terms of the statute already adverted to (*Nix. Dig.* 94, § 56,) the decree is to be considered and taken in all courts of law and equity to have the same operation and effect, and be as available, as if the conveyance had been executed conformably to such decree. The decree is to be

construed as if the deed had been executed pursuant to its terms. The deed and the decree must be alike construed according to the legal effect of the terms used. The same principles of interpretation are to be applied to each. If the deed had been executed conformably to the terms of the decree within the time prescribed, it would not have been admissible to resort to the proceedings in the cause to interpret the deed. Where, moreover, the terms of the decree are clear and unequivocal, independent of the statute, its construction could not be altered by a resort to the pleadings.

It was suggested, rather than urged, upon the argument, that these trusts should be regarded as executory, and as they are to be carried into effect under the control of the court, a greater latitude of interpretation might be adopted. If that course were admissible, and the deed could be interpreted according to the apparent intention of the parties without regard to fixed rules of interpretation, it would become a grave question, whether the death of Mindert Garrabrants (3d) in the lifetime of his father did not altogether defeat his interest in the estate, and whether that was not the real design of the parties in the creation of the trust. But the defendants have invoked in support of their title, and I think rightfully, the principle, that the limitation of trust estates must be construed by the rules of law applicable to legal estates, and the further principle, that the rights of the parties were unchangeably fixed by the terms of the decree. Adopting these principles in support of their claim, the court cannot escape the application of well settled legal principles in dealing with the trust estate.

It has been said that in the interpretation of trusts and marriage settlements the most favorable exposition will be made of words to support the intention of the parties. "It is, however, the intention of the parties appearing on the deed that always govern the court in construction, not the arbitrary conjecture of the judge, though founded

on the highest degree of probabilities." *Horry* v. *H orry*, 2 *Dess.* 126.

Whatever I might deem probable in regard to the intention of the parties, I do not feel authorized to interfere with well settled rules of construction.

The evidence does not support the allegation of mental incapacity in Mindert Garrabrants (3d) to convey his estate by reason of intemperance or from any other cause. Nor is it an appropriate case for the application of the principle upon which a court of equity interferes to protect expectant heirs or reversioners against the disposition of their estates on the ground of constructive fraud. 1 *Story's Eq. Jur.* 339, *note* 1.

Conceding that the principle might have been applied as against the original purchasers, it cannot operate against a subsequent *bona fide* purchaser without notice of the fraud.

By the terms of the trust, the estate vested equally in Mindert Garrabrants (3d) and his two daughters, the other issue of the grantor. Under the conveyance executed by Mindert Garrabrants (3d) the complainant is entitled in equity to his interest in the estate, being one equal third part thereof. The title to the legal estate, as well as to the remaining two-thirds of the equitable estate, is in the defendants.

The injunction will be retained. It appears, from the evidence, that valuable permanent improvements have been made upon the land by the complainants, which give them a large portion of their value. The complainant is entitled in equity to an allowance for those improvements, so far as they enure to the benefit of the estate of his cotenants. A reference will be necessary to ascertain the character and value of the improvements. Each party will be at liberty to apply for directions as to the terms of such reference.