Vreeland *v.* Van Ryper.

---

ABRAHAM VREELAND and others *vs.* DANIEL R. VAN RYPER and others.

A testator, by his will, devised as follows: " I do give the residue of my real estate to my children, share and share alike, but the shares which may fall to my sons, George and Michael, I do give to them only during their natural lives, and after their death, to go to their children, share and share alike, and if any of their children shall die before their father, leaving children, then the children to take their father's or mother's part.'' George died leaving no issue. *Held*—

Vreeland v. Van Ryper.

1. George and Michael, the devisees for life as well as the other children of the testator, take *several*, not *joint* interests in the residuary estate.

2. The estate of each tenant continues during his life, and upon his death, goes to his children. If he have no children, the devise over fails, and as to that reversionary interest, the testator died intestate.

3. The remainder of the share devised to George, vests not in the surviving children of the testator, but in his heirs-at-law.

Richard Van Ryper, late of the county of Hudson, by his will devised the residue of his real estate to his children; two of the shares being limited over to his grandchildren, after the determination of the life estates. A bill for partition having been filed by certain of the devisees, and a partition having been found impracticable, the land was sold under a decree of the court, and the proceeds of the sale of the shares thus limited over were invested, pursuant to the direction of the statute, under the order of the court. One of the tenants for life has since died, and the commissioner, in whose hands the funds are, has filed his petition, asking for direction to pay over the proceeds of the sale of that share to the parties legally entitled thereto.

Mr. *Bentley*, for petitioner.

THE CHANCELLOR. The only question is that suggested by the master in his report, as to the legal effect and operation of the devise. The devise is as follows: " I do give the residue of my real estate to my children, share and share alike; but the shares which may fall to my sons George and Michael, I do give to them only during their natural lives, and after their death, to go to their children, share and share alike, and if any of their children shall die before their father, leaving children, then the children to take their father's or mother's part." George Van Ryper, one of the tenants for life, died, leaving no issue.

George and Michael, the devisees for life, as well as the other children of the testator, take *several*, not *joint* interests in the residuary estate. The devise is to them, " share

and share alike." Each takes a separate share of the estate. The estate of each tenant continues during his life, and upon his death goes to his children. If he have no children the devise over fails, and as to that reversionary interest, the testator died intestate. This is the only fair and reasonable construction of the residuary devise. The language throughout must be applied to the estates, to the lives, and to the children of each tenant distributively, *reddendo singula singulis;* as if he had said, I give them their shares for their respective lives, and after their respective deaths, to go to their children severally. He never intended that both life estates should continue as long as the survivor lived, and upon his death, to go to all the children of both tenants who might be *in esse, per capita.* It is a well settled rule of construction, that a joint covenant shall be taken as several in respect of the several interests of the covenantees. And a warranty to two who are severally seized, shall enure as several warranties. So a grant, joint in its terms, shall be deemed several, where the grant cannot take effect but at several times. As if a remainder be limited to the right heirs of A. and B., (A. and B. being alive,) in which case, though the words are joint, the heirs shall take severally. *Justice Windham's case,* 5 *Coke* 7.

By the residuary devise, the share of each tenant for life, upon his death, is limited over to his own children, in exclusion of the children of the other devisee. The children of Michael, therefore, take no interest in the remainder of the share devised to George, upon the determination of the life estate. As to that interest, the testator died intestate, unless it fall within the operation of the residuary clause of the will, and be thereby vested in the children of the testator. The general rule is, that a residuary disposition of real estate will carry all the contingent or reversionary interests, which the specific devises of the will leave undisposed of. Wherever, therefore, the specific devises comprise only a partial or contingent interest in the lands of the testator, leaving an

ulterior or alternate interest undisposed of, such undisposed of interest will pass by a general residuary devise. 1 *Jarman on Wills, ch.* 21, *p.* 588, 594.

If, therefore, the gift to George and Michael had been made by a specific devise, which left the fee of the share devised to George for life undisposed of, it would fall within the operation of the residuary devise, and pass thereby to the children of the testator. But this undisposed of interest results, not from any specific devise, but from the terms of the residuary devise itself. The objection is not, that the estate undisposed of is not of a character to fall within the operation of the residuary clause, but that the terms of the residuary clause itself do not include it. That clause, while it purports to dispose of the testator's entire estate, and to render him completely testate in regard to every portion of his estate, did not take effect as to the share of George, limited over to his children upon his death, by reason of his dying without issue. For that contingency the testator might have made provision, but did not do so. It remains undisposed of by the will. The estate, therefore, vested not in the surviving children of the testator, but in his heirs-at-law. The funds in the hands of the commissioner must be paid accordingly.

The master's report should ascertain with precision, who are entitled, as the heirs-at-law of Richard Van Ryper, to share in the distribution of the fund, and the shares to which they are respectively entitled. The report is defective in another particular. It does not state, with accuracy, the amount of the fund in court, and though it does not allege in express terms, it leaves it to be inferred that the fund has remained in court uninvested for several years. If the fact be so, it ought to be explained, or the trustee charged with interest for suffering the money to be uninvested. The fact appears to be, on reference to the clerk's books, that the money, after having been paid into court, was ordered to be invested, and remained at interest until very recently, and that the amount now in court does not correspond with the amount

reported by the master. The report, as it now stands, is open to misconstruction, and will give rise to difficulty. It must be referred back to the master for correction.