LOUISA D. VOORHEES, executrix, &c.,

*v.*

CAROLINE H. SINGER et al.

[Decided October 31st, 1907.]

1. A will left a life estate in certain property to R., the remainder to her son A., or A.'s surviving lawful issue, if any, but, if A. died without lawful issue, then the remainder was to go to testator's three sons. C.,

*3 Buch.* Voorhees *v.* Singer.

B. and W., in equal shares, or to their lawful issue, respectively. R. survived B., who had survived A., but both A. and B. died without lawful issue.—*Held*, that the remainder to A. did not vest because of the gift over, neither did the remainder to B. vest because of the gift over to his issue, in case R. survived him, and also because of its liability to be defeated by A. surviving R. Hence, B.'s interest being a contingent remainder, his will conveyed no interest in the property in question.

2. At B.'s death a one-third share in the remainder lapsed, and, in the absence of a defined inclusive residuary bequest, testatrix died intestate as to that portion.

3. Under the circumstances the lapsed bequest would go to testatrix's next of kin in accordance with the statute of distribution.

4. A vested remainder is one that is limited to a person in being and ascertained so that it is capable of taking effect in possession or enjoyment on a certain determination of the particular estate, without requiring the concurrence of any collateral contingency, and uncertainty as to enjoyment by the remainderman will not render the remainder contingent, providing he has by the limitation a present absolute right to have the estate the instant the prior estate shall determine, but the absence of such present absolute right renders the estate a contingent remainder.

5. The principles governing the distinction between a vested and contingent remainder are applicable to personal property as well as to realty.

On bill for construction of will.

The will of Caroline C. Hull, deceased, provided as follows:

"I do give, devise and bequeath to my said executors and the survivors and survivor of them the remaining one (1) share in trust that they during the natural life of my son Richard Cooper Hull will invest and re-invest from time to time the said one share in such securities as they may deem best and most judicious, and pay over the rents, profits, incomes and dividends thereof at reasonable intervals to my said son Richard for his own use and support, in such way as not to be liable in any way for his present and future debts, and on his decease leaving his son Richard A. him surviving, then to pay over the same to the said Richard A., or to his lawful issue, if he shall have died leaving lawful issue, but if he shall have died without leaving lawful issue him surviving, then that they pay over the said share to my said sons, Charles W., Robert B. and Wajer J., in equal shares, or to the issue of such one of them as shall have died leaving issue surviving, each one of my said sons taking one equal share, and the lawful issue of any deceased taking the share of the parent, if one solely, if more than one jointly and equally."

Richard A. Hull died without issue, June 5th, 1878. Robert B. Hull died without issue, February 6th, 1891. Richard Taylor Hull (the life tenant) died July 24th, 1905. The bill seeks instructions as to the disposition to be made of the share of the trust property which would have been payable to Robert B. Hull had he survived the life tenant.

*Mr. George Reynolds,* for the complainant.

*Mr. Ephraim Tomlinson,* for the defendant Caroline H. Singer.

*Messrs. Wilson, Carr & Stackhouse,* for the defendant Ellen F. Hull.

*Mr. G. Dore Cogswell,* for the defendant Bessie Hull Baker.

*Mr. W. Holt Apgar,* for the defendant Ida M. Hull.

LEAMING, V. C.

I am unable to discern any element of uncertainty or doubt in the solution of the question here presented. The interest of Robert B. Hull in the trust bequest was that of a contingent remainder. He having died without issue prior to the termination of the life estate, one-third of the trust bequest lapsed at his death. In the absence of a defined inclusive residuary bequest testatrix died intestate as to this one-third of the trust property. In such case the next of kin of testatrix at her death take this one-third in accordance with the statute of distribution. *Mulford* v. *Mulford, 42 N. J. Eq. (15 Stew.) 68, 74.*

The distinction between a vested and contingent remainder, in a case like the present one, is well defined. The former is one that is so limited to a person in being and ascertained that it is capable of taking effect in possession or enjoyment on a certain determination of the particular estate, without requiring the concurrence of any collateral contingency. The uncertainty as to the remainderman ever enjoying the estate, which is limited

to him by way of remainder, will not render such remainder a contingent one, providing he has, by such limitation, a present absolute right to have the estate the instant the prior estate shall determine, but the absence of such present absolute right renders the estate a contingent remainder. *Weehawken Ferry Co.* v. *Sisson, 17 N. J. Eq. (2 C. E. Gr.) 475, 478.* These principles are applicable to personal property. *2 Kent Com. \*352.* Thus, in the present case, the remainder to Richard A. Hull is not vested because testator made provision for a gift over in the event of his dying without issue before the life tenant, and the remainder to Robert B. Hull is not vested both because of the gift over to his issue in the event of his death without issue prior to the termination of the life estate, and also because of the liability of the remainder being defeated by the death of the life tenant before the death of Richard A. Hull. An illustration of the latter condition, given by Washburn (*2 Washb. Real Prop. (4th ed.) 548, \*228*), is as follows: "If the limitation be to A for life, remainder to B, B has the capacity to take this at any moment when A may die." B therefore has a vested remainder. "But if it had been to A for life, remainder to B after the death of J. S., and J. S. is still living, B can have no capacity to take till J. S. dies." B's remainder is, therefore, contingent. At the death of Richard A. Hull without issue before the termination of the life estate and prior to the death of Robert B. Hull, the latter's interest would have become a vested remainder but for the limitation over to his issue. As a vested remainder is subject to alienation and a contingent remainder is not, the will of Robert B. Hull is ineffective to vest an interest in the trust created by the will of Caroline C. Hull.

I will advise a decree directing the trustees to make distribution of the one-third of the trust property now in question in the manner in which it would be distributed had Caroline C. Hull died intestate.