In the matter of the estate of ANDREW D. PETERSON, deceased.

[Submitted July 13th, 1915.   Decided September 28th, 1915.]

1. Where a testator bequeaths his estate upon an event which does not happen, and makes no other disposition thereof, the legacy lapses and the estate passes to those who were entitled under the statute of distribution at the time of the death of the testator.

2. Where a testator bequeathed his estate to his wife for life, and over, upon a contingency which did not happen, and as to the remainder died intestate, his widow's personal representative is entitled to her share of the remainder under the statute of distribution.

---

On appeal from the Somerset county orphans court.

*Mr. Robert Newton Crane,* for the appellant.

*Mr. Harrison P. Lindabury,* for the appellees.

BACKES, VICE-ORDINARY.

Andrew D. Peterson, deceased, left a will in which, after directing his debts and funeral expenses to be paid, he provided as follows:

"2nd. All the rest and residue of my estate of whatsoever kind it may be or where the same may be at the time of my decease, I give, devise and bequeath to my said executors hereafter named in trust, to hold the same and to keep the same invested in some safe and sure investment and the interest accrueing on the same to be paid to my beloved wife, Anna, during her natural life or widowhood, but if my said beloved wife Anna should marry, then in that case I then order my said executors to divide all of my said estate between my said wife aforesaid and my two children to be equally divided between them share and share alike, and I hereby order my said executors to pay over to each of them, my said wife and two children, an equal one-third share or part of my said estate so held by them, to them, my said wife and children, their heirs and assigns."

The estate consists entirely of personal property. His widow and two daughters, Lizzie D. Horton and Addie C. Handville, survived. Mrs. Handville died in her mother's lifetime, on May 7th, 1896, leaving her surviving two sons, Francis W. and Robert R., and her husband, Joseph C. Handville. The widow of the testator recently died without having remarried. The orphans court ordered the estate distributed to Lizzie D. Horton, one-half, and the remaining half in equal shares to the two sons of the deceased daughter, Mrs. Handville. The latter half the husband of Mrs. Handville claims and he appeals.

Primarily, the beneficial interest in the estate went to the testator's widow for life. The gift over, upon the widow again marrying, was contingent. *Gifford, Administrator,* v. *Thorn, 9 N. J. Eq. 702; Security Trust Co.* v. *Lovett, 78 N. J. Eq. 445.* The event upon which this was to vest never came to pass, and the legacy lapsed. The will makes no disposition of the lapsed estate, and, consequently, the testator to that extent died intestate, and it passed to those who were entitled under our statute of distribution at the time of his death. As to this, the law is settled. In *Mulford* v. *Mulford, 42 N. J. Eq. 68,* Chancellor Runyon held that "where the testator gives the income of a portion of his estate to A. for life, but does not dispose of the *corpus* in a certain contingency, it will, in case the contingency occurs, go to the testator's heirs, if realty, or next of kin, if personalty, who were such at his death." *Voorhees* v *Singer, 73 N. J. Eq. 532.* The doctrine laid down in *Holcomb* v. *Lake, 24 N. J. Law 686,* cited by the appellees as being opposed to this view, is in entire harmony with it.

As the law stood at the time of the death of the testator (1889), the widow was entitled to one-third, and the two daughters in equal portions to the remaining two-thirds of his personal estate. The bequest to the testator's widow for life did not deprive her representative of her interest in her husband's estate, of which he died intestate. *Nelson* v. *Nelson, 57 N. J. Eq. 118.* Upon the death of the daughter Mrs. Handville, as the law then stood, her husband, the appellant, became entitled to her personal estate.

The result is that the decree of the orphans court will be reversed, with directions to enter a decree distributing the estate, thus, one-third to the personal representative of the widow of the testator; one-third to Lizzie D. Horton, and the remaining one-third to Joseph C. Handville.

If there is no personal representative of the widow, and there are no debts, the decree may divide her share by giving one-half to the daughter Lizzie D. Horton, and the remaining half to the two sons of the deceased daughter, in equal shares. In this, the appellant has no interest, as his children take as next of kin of their grandmother. If there are debts, the personal representative of the widow must be made party to this appeal to perfect the record.

The appellant is entitled to costs.