The bill of complaint in this case is filed for the purpose of construing the will of Laura A. King, who died in 1930. Mrs. King was survived by her son, Theodore Young King, and by his son, Albert Johnson King. The case was submitted on a stipulation of facts and briefs.
The pertinent parts of the will are as follows:
"Fifth: I give and devise to my Son, Theodore Young King, the house and lot where I now reside situate at Stanhope, Sussex County. New Jersey, and also the house and lot adjoining it for and during the term of his natural life. After his decease, I give and devise the same to my Grandson, the said Albert Johnson King, to him, his heirs and assigns forever.
"Sixth: Should my said Grandson, Albert Johnson King, predecease his father, Theodore Young King, leaving no issue, I direct that all of said real estate shall fall in the residue of my estate and be disposed of as such according to the provisions hereof. Should said Grandson predecease his said father leaving issue, in that case I give and devise said remainder in said real estate to such persons who are, at the death of my said Grandson, his heirs at law.
"Seventh: I give, devise and bequeath all of the rest, residue and remainder of my estate, of whatsoever the same may consist and wheresoever situated or located, to my Executor and Trustee, hereinafter named, to hold the same for the use and benefit of my said Son, Theodore Young King, for and during the term of his natural life, directing that he be paid the income therefrom at such convenient times as my Executor and Trustee shall deem wise. At the decease of my said Son, Theodore Young King, I give, devise and bequeath the principal of all of said residue to my said Grandson, Albert Johnson King, to be paid to him providing he has attained the age of *Page 321 
thirty years. If not, the income only shall be paid to him until such age, and then the principal paid over to him.
"Eighth: Should my said Grandson, Albert Johnson King, predecease his father, Theodore Young King, leaving no issue, I direct that the said residue of my estate shall be equally divided, after the death of my said Son, among the following seven named persons, to wit: — my cousin, Mary Johnson Inscho, my nieces, Clara B. Wright, Kittie Redhead, Gertrude Leport, Ruberta Leport and Leila Wittner, and in the event of the death of either or any of said persons, I direct that the child or children of such deceased beneficiary shall take the share to which his, her or their parent would be entitled if living. However, even though my said Grandson predeceases my said Son, but leaving issue him surviving, I direct that said residue at the death of my said Son shall be paid over to the issue of my said Grandson, the said issue to participate therein as heirs at law of my said Grandson and as though said residue were real estate of which he died seized and intestate."
Albert Johnson King, the grandson of testatrix, died in 1941, at the age of thirty-eight years, leaving no issue or descendants. Mary Johnson Inscho, mentioned in the eighth clause of the will, died in 1940, testate, and her executors and beneficiaries under her will are parties defendant herein. The eighth clause of the will of Laura A. King mentions a division of the gift over to be equally divided among seven persons although there are only six persons named in the paragraph. The paragraph, therefore, should be deemed to read "among the following six named persons," c.
The trustee under the will contends that, although by the fifth paragraph the testatrix devised the real estate to her son for life with a vested remainder to her grandson, the sixth paragraph, by way of an executory devise transferred the whole fee to the trustee upon the happening of the contingency which has occurred; namely, the death of Albert Johnson King during the lifetime of his father; and that, upon Albert's death, the life estate of his father came to an end, or was extinguished. He bases his contention on the fact that testatrix used the words, "all of said real estate shall fall in the residue."
I do not agree with this argument. The reading of the will as a whole, and particularly the quoted portions above set forth, leads me to the conclusion that it was the intention of the testatrix to leave her son a life estate in the real estate *Page 322 
which was not in any way to be reduced and was to continue uninterrupted for the term of his natural life. The clear gift to her son was not intended to be cut down by the later language referred to by the trustee.
All that testatrix intended should pass into the residue was the remainder interest following the life estate. It, therefore, follows that complainant is entitled to continue to enjoy all the incidents, rights and privileges of the usual tenant for life, subject, of course, to the duties and liabilities cast upon him by our law.
Complainant, however, contends that not only is he the tenant for life, but that in addition, he is also seized of an undivided one-sixth of the remainder, in fee. He says that since Mary Johnson Inscho predeceased Albert Johnson King, the testatrix died intestate as to one-sixth of the residue and that he, the complainant, as the only heir-at-law and next of kin of the testatrix, takes the said share of which Laura A. King died intestate.
I do not agree with this contention. The law presumes that the testatrix did not intend to die intestate as to any part of her estate and will avoid such a construction of intestacy whenever possible. When the language and form of the will, as is the case here, clearly shows that the testatrix made provision for the contingency which happened, no intestacy has resulted.
The scheme set forth in the will may be stated as follows: "To Theodore, for life, remainder to Albert, in fee, but if Albert predeceases his father, leaving no issue, then to Mary J. Inscho and the others, in fee." It, therefore, becomes clear that the will gives to Albert a vested remainder subject to a divesting contingency, on the happening of which, there is a gift over. The gift over is a conditional limitation by way of an executory devise or bequest.
The remainder to Albert is not contingent, as is claimed by the complainant. A clear test of a vested remainder is set forth in21 C.J., Estates, § 131, where it is said that:
"The true criterion of a vested remainder is the existence (1) in an ascertained person (2) of a present fixed right (3) of future enjoyment of the estate limited in remainder, (4) which right will *Page 323 
take effect in possession immediately upon the determination of the precedent estate, (5) irrespective of any collateral event, (6) provided the estate in remainder does not determine before the precedent estate.
"This does not imply a certainty that the estate in remainder ever will actually take effect in possession, because every remainder of a life estate or a fee tail is subject to uncertainty in this respect, consequent on the possibility that the precedent estate may outlast the estate in remainder by reason of the death of the remainderman, or his death without issue, before the determination of the precedent estate."
The foregoing text is supported, in part, by a footnote reference to Price v. Sisson, 13 N.J. Eq. 168; sub nom.Weehawken Ferry Co. v. Sisson, 17 N.J. Eq. 475.
In the Sisson Case, Chancellor Green (at pp. 176, 177), pointed out the distinction between vested and contingent remainders as follows:
"* * * Every remainderman may die without issue before the death of the tenants for life. It is the present capacity of taking effect in possession, if the possession would become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder. Fearne onRem. 149 (4th ed.); Kent's Com. 203.
"A remainder, says Chancellor Walworth, is vested in interest where the person is in being and ascertained, who will, if he lives, have an absolute and immediate right to the possession of the land upon the ceasing or failure of all the precedent estates, provided the estate limited to him by the remainder shall so long continue. In other words, where the remainderman's rights to an estate in possession cannot be defeated by third persons or contingent events, or by the failure of a condition precedent if he lives, and the estate limited to him by way of remainder continues till all the precedent estates are determined, his remainder is vested in interest. Hawley v.James, 5 Paige 466.
A remainder is contingent, although the remainderman is in being and ascertained, so long as it remains uncertain whether he will be absolutely entitled to the estate limited to him in remainder if he lives, and such estate continues until all the precedent estates have ceased. Ibid. 467. *Page 324 
"When the person to whom a remainder after a life estate is limited is ascertained, and the event upon which it is to take effect is certain to happen, it is a vested remainder, although by its terms it may be entirely defeated by the death of such person before the determination of the particular estate. It is the uncertainty of the right of enjoyment which renders a remainder contingent, not the uncertainty of its actual enjoyment. Williamson v. Field, 2 Sandf. C.R. 533. See, also,Moore v. Lyons, 25 Wend. 144."
Complainant relies upon the case of Voorhees v. Singer,73 N.J. Eq. 532, and says that, the facts in the Voorhees Case, are parallel to the case before me. In that case, the bequest was to R for life, with remainder to A or his surviving issue, but if A dies before R without issue, then to C, B and W or their issue. R, the life tenant, survived both A and B, who died in the order named, leaving no issue. The Voorhees Case held that the remainder to A was contingent because of the gift over, and that the gift over to B was not vested because of the possibility of his remainder being defeated by the death of the life tenant before the death of A. The opinion overlooked the fact that, under the rules above quoted, the bequest to A was a vested remainder, subject to being divested upon the happening of the contingency, and that the gift over to B was in the nature of an executory bequest. While the court stated the correct rule, it did not apply it correctly to the facts in the case. No appeal was taken from the decree. I find no case which follows or applies the result of the opinion. While the opinion has been cited a few times, it was only for the purpose of reiteration of the rule stated in the Sisson Case. I think the court also fell into error in holding that the contingent interest of B could not pass under B's will. No authority was cited in support of the rule. The court merely said: "As a vested remainder is subject to alienation and contingent remainder is not, * * *." The statute, which had been on the books for fifty-six years was probably not called to the attention of the court.
It follows, therefore, that the gift over, of the real estate, to Mary Johnson Inscho was executory, her estate had the *Page 325 
same incidents of devisability as an ordinary contingent remainder in which the contingency is as to an event and not as to the person, and even though the contingency may not have happened. R.S. 46:3-7; 68 C.J., Wills, § 114; Den v. Manners,20 N.J. Law 142; Dilts v. Clayhaunce, 70 N.J. Eq. 10;Brazzalle v. Diehm, 86 N.J. Law 276.
With reference to the personalty, the result is the same. Contingent interests in personalty have been alienable by will from at least the seventeenth century. See 3 Simes, FutureInterests 180 § 730, and cases there cited. The devolution of contingent remainders and executory interests in personalty, in this state, are not dependent upon statute. However, were the common law not in force here, R.S. 3:2-13, which provides that a will, executed in compliance with the statute, "* * * shall be sufficient to devise, pass and bequeath all estates and property, real or personal, * * * and all rights of any kind, * * *," which language is sufficiently comprehensive to include within its scope the contingent interest of Mary Johnson Inscho in the personalty.
Complainant also asks that the trustee, who has not filed an account, be ordered to do so in this court. The briefs disclose that an account is soon to be filed and that the trustee desires to file the same in the Orphans Court. It appears that the complainant will be satisfied if this is done. Jurisdiction, however, will be retained in this court until it is actually filed and noticed in the Orphans Court. If the trustee fails to do so he may be ordered to account here.
I will advise a decree in accordance with these views. *Page 326