[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 499 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 500 
Robert K. Matlock died April 27, 1877, leaving a last will and testament. He was survived by his widow and six children. The widow and all of the six children are now deceased. Five of the children died unmarried. The sixth child died married and without issue.
Robert K. Matlock, in his last will and testament, gave, bequeathed and devised all of his estate, real and personal, to two designated individuals as trustees, and provided that all of the net interest and profit from the corpus of the trust fund should be paid to his wife during her widowhood. The will then provided as follows:
"After the intermarriage or death of my wife, by Executors and Trustees and the survivor of them will sell, at public or private sale, the homestead and balance of personal property, add the proceeds thereof to the fund in their or his hands and pay over semi-annually the net interest of said aggregate sum, share and share alike, among all my children.
"They, the Executors and Trustees aforesaid, will take care to leave the whole or aggregate of my estate intact and unbroken. But in case either of my children shall die, leaving a child or children, then it is my will that the principal of the portion of said child of mine shall be withdrawn from said aggregate by my Executors and Trustees and survivor of them and be paid over by them, with the interest due thereon, to said child or children or guardian or guardians thereof; and it is further my will, in case any of my said children *Page 501 
shall die without child or children, that the principal of the portion set off or alloted to my said child shall return to and make part of the remaining whole of my estate, to be incorporated therewith and the interest thereof divided among my surviving children."
It is clear that we are here confronted with a situation where the title to the corpus became vested in the trustee during the lifetime of designated persons in being, i.e., (1) the creator's widow, and (2) his six children.
This is a suit for a construction of the will.
Plaintiff contends that on the death of the last surviving child, the testator having made no provision by a residuary clause in his will, the title to the corpus of the trust estate vested as if testator had died intestate. In this respect all parties are in accord. The dispute which does arise between them, however, is whether such vesting occurred on the date of testator's death or on the date of the death of his last surviving child.
It must be generally conceded that where a testator has failed to make provision by way of devise or bequest of any portion of his estate, insofar as that portion of his estate is concerned, it must pass by the residuary clause.
If the testator has failed to make provision for the devolution of the title of the residue of his estate, then and in that event, the title passes as if he had died intestate.Skellenger's Ex'rs. v. Skellenger's Ex'rs., 32 N.J. Eq. 659,662; Brown v. Fidelity Union Trust Co., 126 N.J. Eq. 406,417; 9 Atl. (2d) 311.
In order to aid in a determination of the time at which title vested, it becomes necessary to ascertain what estate, if any, which the several parties had in the corpus of the trust fund.
Upon testator's death there was created an estate in the trustee for the lifetime of his widow and successively his six children.
Under the provisions of the will as above noted, if one of testator's children died leaving him surviving a child, the latter took in fee an outright interest in the corpus of the trust fund and this proportion was directed to be paid over to such grandchild. At the time of testator's death there was no grandchild then in existence. The prospective grandchildren of testator had a contingent remainder. *Page 502 
The principle which determines whether an estate is a contingent remainder or a vested remainder normally arises on the questions of title to real estate. The same principles, however, are applicable to personalty as well as realty. Voorhees v.Singer, 73 N.J. Eq. 532; 68 Atl. 217.
The distinction between a vested remainder and a contingent remainder is found in that in the former there must be a present capacity to take effect in possession or enjoyment on the determination of the precedent particular estate, and in the latter there exists an uncertainty of the right of enjoyment.
In Kahn v. Rockhill, 132 N.J. Eq. 188; 28 Atl. (2d) 34, the court said at p. 191:
"A contingent remainder is one in which either the person to take it is not in being or not ascertained, or the event upon which it is to be enjoyed is uncertain, or both, and so the right to the future enjoyment of the property is not fixed."
"Of course, it does not necessarily follow in all cases that every estate in remainder which is subject to a contingency or condition is a contingent remainder. The contingency of condition may be either precedent or subsequent. If the former, the estate is contingent; if the latter, the remainder is vested subject to be divested by the happening of the condition subsequent. To distinguish between a contingent remainder and one that is vested, subject to be divested by a condition subsequent, is often a matter of difficulty, but the general rule recommends that this latter problem can best be considered and determined in each case as a question of construction of the instrument creating the interest. Assuredly, to be a vested remainder, the remainder must be free from all conditions precedent as to it."
And again in Cowan v. Storms, 121 N.J. Law 336;2 Atl. (2d) 183, the court said at p. 338:
"The distinguishing characteristics of a vested remainder is a present capacity to take effect in possession or enjoyment on the certain determination of the precedent particular estate, rather than the certainty of enjoyment by the remainderman. It is the uncertainty of the right of enjoyment, rather than the uncertainty of its actual enjoyment, that renders a remainder contingent. Den v. Hillman, 7 N.J.L. 180; Den v. Crawford,
8 Id. 90; Price v. Sisson, 13 N.J. Eq. 168, affirmed, subnom. Weehawken Ferry Co. v. Sisson, 17 Id. 475; Voorhees v.Singer, 73 Id. 532; In re Clark's Estate,13 N.J. Misc. R. 393; 2 Blk. Com. 168."
See also Voorhees v. Singer, supra; King v. First National Bankof Morristown, 135 N.J. Eq. 319; 38 Atl. (2d) 445. *Page 503 
Therefore, it is immediately apparent that the possible grandchildren of the testator, being at the time of his death unborn, were unascertained as well. This, of course, results in a conclusion that possible grandchildren of the testator held merely a contingent interest.
Since the testator made no provision in his will for the final vesting of title in the event of the failure of the occurrence of the specified contingency, upon the happening of which title would have vested in his grandchildren, there remained in the testator a reversionary estate.
An estate in reversion is the residue of the estate left in the grantor, to commence in possession after the determination of some particular estate granted out by him. It arises by operation of law and is distinguishable from a remainder, which must be created by deed or devise. Reversions are actual estates inpraesenti and are vested in the sense of a present fixed right of enjoyment in futuro. A reversion may exist in personalty as well as realty. 33 Am. Jur. 532, 668.
In Fidelity-Philadelphia Trust Co. v. Harloff, 133 N.J. Eq. 44; 30 Atl. (2d) 57, the court said at pages 51, 52 and
54:
"A reversion has been defined as `a future estate created byoperation of law to take effect in possession in favor of a lessor or a grantor or his heirs, or the heirs of a testator, after the natural termination of a prior particular estate leased, granted or devised.' 2 Reeves on Real Prop., par. 863. Sir Edward Coke described a reversion to be the returning of lands to the grantor or his heirs after the grant is over. 1Institutes 142. `A future estate may be indirectly created by giving a livery of seisin for one or more life estates, without an ultimate remainder in fee. The estate remaining in the former owner ready to come into possession on the termination of the life estate or estates is a reversion. The same result isreached when an ultimate remainder in fee is contingent. Until itvests, there is a reversion in the feoffer and his heirs.'
(Emphasis is supplied.) Gray, The Rule Against Perpetuities (4thed.) sec. 11. A reversion is never created by deed or writing, but arises from operation of law. 2 Bl. Com. 175; Tiffany,Real Prop. par. 135; Todd v. Jackson, 26 N.J. Law 525, 540. `A remainder has its origin in express grant; a reversion merely arises incidentally, in consequence of the grant of the particular estate. It is created simply by the law, whilst a remainder springs from the act of the parties.' Williams, RealProp. (23d ed.) 362.
"Where did the reversion or inheritance sojourn intermediate the creation of the contingent remainder by the deed of conveyance and *Page 504 
the death in 1939 of the life tenant without lawful issue? In the solution of this point of inquiry, two dissimilar rules of law are perceptible. True, where the contingent remainder is createdby devise (and formerly by use), the inheritance or fee (constituting the reversion) resides in the testator who can dispose of it, otherwise, it descends to his heirs where it remains until the occurrence of the contingency which takes it from them. Fearne Cont. Rem. 351; 4 Kent Com. 257. The authorities are harmonious in their fidelity to this rule.33 Am. Jur. 523, sec. 72."
"Where contingent remainders have been created by devise, the courts of our state have esteemed the commonly accepted rule that the reversion reposes in the testator who may dispose of it and if not so disposed of, it descends to the testator's heirs where it remains until it deserts them by reason of the happening of the designated contingency. Holcomb v. Lake,24 N.J. Law 686; affirmed, 25 N.J. Law 605; Vreeland v. Van Ryper,17 N.J. Eq. 133; Mulford v. Mulford, 42 N.J. Eq. 68;6 Atl. Rep. 609; Voorhees v. Singer, 73 N.J. Eq. 532;68 Atl. Rep. 217; In re Peterson, 85 N.J. Eq. 135; 95 Atl. Rep.
613."
The failure of the testator to make disposition of the corpus of the trust upon the failure of any of his children to die leaving him surviving a child resulted in the creation of a reversionary estate in his heirs, vested at the time of his death. This estate was, of course, subject to being divested upon the occurrence of the contingency set forth in the will, i.e.,
the death of one of testator's children leaving him surviving a child.
The testator having failed to make provision for the disposition of the residue by express terms of his will, it follows that he died intestate as to that portion of his estate, and that the same vests in those who were his heirs-at-law or next of kin at the time of his death, and not in those who were such at the time of the termination of the trust.
In Brown v. Fidelity Union Trust Co., supra, the court said at page 421:
"As above indicated, and upon the authorities cited, Mrs. Sheldon became seized on the death of Mrs. Urie of a life estate in the residue of the Urie estate by virtue of clause `Fourteenth' of the Urie will. She also became seized, by operation of law, of the above mentioned remainder interests of the Urie estate. Inre Leach, 112 N.J. Eq. 68. In In re Thompson v. Thomas(N.Y.), 30 Misc. 152, it was held that: `The personal estate of a person dying intestate will go to those who are his next of kin at the time of his death, and not to those who are his next of kin at the time distribution is made.' And that: `The right of the next of kin to distribution of an intestate's personal *Page 505 
property is a vested interest at the time of the death of the intestate.' And see Brewster v. Gage, 280 U.S. 327; Grinnellv. Howland, 100 N.Y.S. 765; Price v. McConnell (Va.), 149S.E. Rep. 515; Singleton v. Cheek, 284 U.S. 493."
"Thus Mrs. Sheldon had two estates, one by will and another by operation of law. The latter was a `vested estate in inheritance.' Cummings v. Cummings, 76 N.J. Eq. 568, 570."
See also Holcomb v. Lake, 24 N.J. Law 686; Skellenger'sEx'rs. v. Skellenger's Ex'rs., supra.
The plaintiff has argued as well that in the case sub judice,
since the heirs-at-law and next of kin at the time of testator's death were the identical persons who were the cestui que trust under the testamentary trust, the testator demonstrated an affirmative desire not to have title, in any event, vest in them.
In Maxwell v. Maxwell, 122 N.J. Eq. 247; 193 Atl. 719, the court said at page 254:
"The authorities are against this contention and even go to the extent that in case of partial intestacy the right of an heir-at-law and next of kin to share in an estate is not defeated by words of disinheritance in the will itself and that the testator can disinherit his heirs or next of kin only by leaving his property to others and that mere words of exclusion are not sufficient.
"In Potter v. Watkins, 99 N.J. Eq. 538, the court held: `The declaration in the will that she shall take nothing under the will if she refuses the gift means exactly what it says, but that does not deprive her of her dower in her own right nor from taking as distributee under the statute of that of which her husband died intestate. The right to take under the statute of distribution in case of partial intestacy is not defeated by the words of disinheritance in the will.'"
See also Brown v. Fidelity Union Trust Co., supra; Skellenger'sEx'rs. v. Skellenger's Ex'rs., supra.
In view of the foregoing authorities, it is held that the mere fact that the heirs-at-law and next of kin happen to be the identical persons who were the cestuis que trust under the will of the testator does not prevent them from taking as such heirs-at-law and next of kin. The intention of the testator is to govern only so far as he has declared it by his will. The heirs-at-law and next of kin here take, therefore, not in pursuance of testator's intention, but by force of law, regardless of what his intentions were. *Page 506 
Therefore, it is here held that upon the death of Charlotte L. Matlock, testator's last surviving child, the estate then in the hands of the trustees passed to the survivors of his heirs-at-law and next of kin who were such at the time of testator's death.